## The People of the State of Illinois, Defendant in Error, v. Dick Ignace Peiscz and Pauline Peiscz, Plaintiffs in Error.

### Gen. No. 7,059.

1. INTOXICATING LIQUORS—*necessity that information charging unlawful possession allege facts showing unlawfulness.* An information under the Illinois Prohibition Act charging that defendants "did then and there unlawfully possess intoxicating liquor within prohibition territory" does not charge any crime where it is not alleged that the possession of the liquor was intended for use in violation of the act or was unlawfully acquired by defendant or was held in violation of some express provision of the act.

2. INTOXICATING LIQUORS—*effect of omission of essential allegation in information for unlawful possession of liquor.* An information charging that defendants "did then and there unlawfully possess intoxicating liquor" without allegations showing wherein the unlawfulness consisted, is not aided by the provisions of the State Prohibition Act, sec. 39, Cahill's Ill. St. ch. 43, ¶ 40, that it shall be sufficient to state that the act complained of was prohibited and unlawful and of section 40, Cahill's Ill. St. ch. 43, ¶ 41, making possession of liquor by any person not legally permitted to possess the same prima facie evidence that it is kept for the purpose of violating the act, since the information must charge that defendants did unlawfully commit some act expressly prohibited by the statute.

3. INTOXICATING LIQUORS—*effect of pleading guilty under fatally defective information.* An information charging that defendants did "unlawfully possess intoxicating liquor" but which contains no allegation showing wherein such possession is in violation of any provisions of the State Prohibition Act is not aided by a plea of guilty by defendants, since such plea admits only what is well pleaded in the information.

Error to the County Court of Kankakee county; the Hon. JAMES T. BURNS, Judge, presiding. Heard in this court at the April term, 1922. Reversed and remanded. Opinion filed October 25, 1922.

HARRY D. PARKER, for plaintiffs in error.

ANKER C. JENSEN and C. D. HENRY, JR., for defendant in error.

MR. PRESIDING JUSTICE JONES delivered the opinion of the court.

The plaintiffs in error at the November term, 1921, of the county court of Kankakee county entered a plea of guilty to the first count of an information charging that the said plaintiffs in error on the 8th day of December, 1921, ''did then and there unlawfully possess intoxicating liquor within prohibition territory, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the same people of the State of Illinois.'' A trial by jury was waived in writing by each of said plaintiffs in error and judgment was entered upon the said pleas. Dick Ignace Peiscz was sentenced to six months' imprisonment in the county jail and Pauline Peiscz was ordered to pay a fine of $1,000 and be confined in the county jail until the fine and costs are paid. The court overruled a motion for a new trial and also a motion in arrest of judgment.

The only question involved in this case is whether or not the information charges an offense against the laws of the State of Illinois. The language of the information attempting to charge an offense has been hereinabove substantially set out. This prosecution is brought under the so-called Illinois Prohibition Act. It is contended by the plaintiffs in error that the People attempted to predicate the prosecution under section 28 of said Act [Cahill's Ill. St. ch. 43, ¶ 29]. On the other hand, the defendant in error insists that said section 28 is not involved but that the prosecution is based upon section 3 of said Act [Cahill's Ill. St. ch. 43, ¶ 3].

Section 3 provides that ''no person shall on or after the date when this act goes into effect, manufacture, sell, barter, transport, deliver, furnish or possess any intoxicating liquor except as authorized in this act, and all the provisions of this act shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented.'' Section 28 of said

Act provides that: ''It shall be unlawful to have or possess any liquor intended for use in violating this act or property designed for the illegal manufacture of liquor, and no property right shall exist in any such liquor or property.'' So far as these two sections deal with the question of the mere possession of liquor, we see little difference between them. Each section makes the possession of liquor unlawful unless such possession is permitted by some one or more of the provisions of the Prohibition Act. There are three sections of said act which expressly permit the possession of intoxicating liquors, to wit: sections 4, 8 and 40 [Cahill's Ill. St. ch. 43, ¶¶ 4, 8, 41]. It is, therefore, apparent that the possession of liquor is lawful or unlawful depending upon the circumstances of the particular case. The position taken by the State's Attorney in this case that all possession of liquor is unlawful is not tenable. If the liquor is of the kind enumerated in section 6, or has been obtained under prescription as provided in section 8, or was acquired prior to the time the Prohibition Act went into effect, such possession is lawful and does not contravene any of the provisions of said act.

A consideration of the whole act impels us to construe sections 3 and 28 together. Both of them are inhibitions against the possession of intoxicating liquor intended for use in violating the Prohibition Act. We must now inquire whether or not the information in this case charges any offense against the laws of this State. From what we have heretofore said, an information which merely alleges the possession of intoxicating liquors does not charge any crime. The charge must go further. It must allege that the possession of the liquor was intended for use in violating the Prohibition Act, or was unlawfully acquired by the accused, or was held in violation of some express provision of said act.

The information in this case contains no such alle-

gation; but it is contended by the defendant in error that since section 39 [Cahill's Ill. St. ch. 43, ¶ 40] provides that it shall be sufficient to state that the act complained of was prohibited and unlawful, and section 40 declares that the possession of liquor by any person not legally permitted to possess the same shall be prima facie evidence that it is kept for the purpose of violating the said act, therefore the burden of proof is upon the possessor to show that the liquor was lawfully acquired, possessed or used. We are unable to discern how these sections of the act can be availed of in support of the information in this case. The purpose of section 3 was undoubtedly to simplify the charge in an indictment or information and to that end it is provided that it is sufficient to state that the act complained of was unlawful. What is the act complained of in this case? Is it the mere possession of liquor? Certainly this cannot be because, as we have heretofore observed, such possession is not unlawful and the statute provides no penalty whatever for mere possession. The act that is unlawful is the possession of intoxicating liquor to be used in violation of some of the provisions of the Prohibition Act. A union of possession with intent or purpose to violate the act is necessary to constitute a crime. Possession without that intent is not unlawful and not in violation of any of the provisions of the act; and it goes without saying that the legislature never intended to penalize possessors of intoxicating liquor whose purpose or intention was not that of violating the law. This is evidenced from the fact that they made the possession of intoxicating liquor lawful under sections 4, 8 and 40. It is not enough to charge that the possession is unlawful without stating any of the inhibitions of the statute. On the other hand, it is sufficient to merely charge that the accused did unlawfully commit some act expressly prohibited by the Statute.

The title to the Prohibition Act is "An Act to re-

strict the manufacture, sale, transportation, possession and use of intoxicating liquor, aiding thereby in establishing uniformity in State and Federal laws in regard. thereto.'' It was the evident purpose of the legislature to establish uniformity between the Illinois Prohibition law and the federal law known as the Volstead Act. The provisions of the Illinois law follow closely the provisions of the federal law particularly as to the possession of intoxicating liquor. The Supreme Court of the United States in *Street v. Lincoln Safe Deposit Co.,* 254 U. S. 88, construed the provisions of the Volstead Act in its relation to the possession of intoxicating liquor. Section 25 of that Act declares that: ''It shall be unlawful to have or possess any liquor * * * intended for use in violating this Act.'' The court in dealing with that section said that the word ''kept'' means kept for sale or barter or other commercial purpose and that obviously the section does not apply to a case where the unlawfulness must depend upon an intended use in violating the act.

The charge that the plaintiffs in error did unlawfully possess intoxicating liquor is therefore but a conclusion of the pleader. Whether such possession was lawful or unlawful depended upon the facts and circumstances surrounding the possession. In *Moore v. State,* 53 Neb. 831, it was held that an allegation that the defendant was an auditor, charged with the collection and disbursement of public money, is a conclusion of law, not admitted by the plea.

The information in this case does not attempt to charge any offense in the language of the statute. Only that portion of such language is used which refers to possession. The charge omits the language of the statute, which makes the purpose and intent to violate some provision of the act a necessary element of the crime of unlawfully possessing intoxicating liquor.

The defective information was not aided by the plea of guilty. The effect of such a plea is a record admission of whatever is well alleged in the information. If the latter is insufficient it confesses nothing. If it charges no criminal offense, it may be subsequently attacked on that ground. (*Klawanski v. People*, 218 Ill. 481.)

For the reasons herein expressed the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*