## The People of the State of Illinois, Defendant in Error, v. Dario Pro, Plaintiff in Error.

### Gen. No. 7,246.

1. SEARCHES AND SEIZURES—*sufficiency of affidavit on information received from "reliable person" as basis for search warrant.* An affidavit for search warrant under the Prohibition Act, alleging as the reason for affiant's belief "the information of a reliable person who has seen intoxicating liquor manufactured, kept for sale and sold" on the premises in question, is sufficient basis for the issuance of a search warrant under the provisions of Cahill's Ill. St. ch. 43, ¶ 30, prescribing the form of complaint for a search warrant, without any requirement as to personal knowledge.

2. INTOXICATING LIQUORS—*sufficiency of indictment under Prohibition Act.* Counts in an indictment, alleging that defendant possessed intoxicating liquor unlawfully, contrary to the form of the statute in such case made and provided, and that he unlawfully had in his possession a still, contrary to the form of the statute in such case made and provided, sufficiently allege union of possession, with intent or purpose to violate the Prohibition Act.

3. CRIMINAL PROCEDURE—*concurrent sentence on defective counts not prejudicial where one count good.* A defendant who was sentenced to imprisonment on each count in an indictment for violation of the Prohibition Act was not injured thereby, even though two of the counts were defective, where it is conceded that the first count was good and the sentences on the various counts were the same and were to run concurrently.

4. INTOXICATING LIQUORS—*evidence of violation of Prohibition Act.* It is a question of fact whether or not a defendant charged with violation of the Prohibition Act manufactured intoxicating liquor on the premises in question and whether or not a still seized on such premises could be used in the manufacture of liquor, and a conviction is sustained by evidence that the searching officers found large quantities of moonshine liquor on the premises together with the still and other appliances, from which it might naturally be inferred that such liquor was manufactured.

Error by defendant to the Circuit Court of Winnebago county; the Hon. ROBERT K. WELSH, judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed January 7, 1924.

FISHER, NORTH, WELSH & LINSCOTT, for plaintiff in error.

WILLIAM JOHNSON, State's Attorney, and A. B. LOUISON, Assistant State's Attorney, for defendant in error.

MR. PRESIDING JUSTICE PARTLOW delivered the opinion of the court.

The plaintiff in error, Dario Pro, was found guilty in the circuit court of Winnebago county, upon a trial by the court, on three counts of an indictment charging the unlawful manufacture of intoxicating liquor, the unlawful possession of intoxicating liquor and the unlawful possession of a still. He was sentenced under each count to imprisonment in the county jail for four months, the sentences to run concurrently, to pay costs, and to stand committed until paid. To review the judgment a writ of error has been prosecuted from the court.

On April 7, 1923, Robert J. Meyers made a sworn

complaint before a justice of the peace in Winnebago county to the effect that he had just and reasonable grounds to believe and did believe that intoxicating liquor was unlawfully manufactured, possessed, kept for sale and sold in violation of the Illinois Prohibition Act, and that mash, a still and other property designed for the illegal manufacture of intoxicating liquor were in a certain dwelling house and outbuildings commonly known as No. 729 Cunningham street, occupied by Dario Pro, in the City of Rockford, and that the reason for his belief was "the information of a reliable person who has seen intoxicating liquor manufactured, kept for sale and sold on said premises." A search warrant was issued and placed in the hands of the officers to search the premises in question. On April 10, 1923, large quantities of moonshine whisky, a copper boiler, a cooling coil and other appliances used in the manufacture of liquor were found on the premises.

After the search warrant was returned and before trial under the indictment, the plaintiff in error filed in the circuit court a motion supported by affidavit, praying that the liquor and implements seized under the search warrant be impounded and not used against the plaintiff in error, on the ground that the affidavit upon which the search warrant was based was not sufficient because it did not comply with the statute with reference to the knowledge of the persons swearing to it. The motion was overruled and this ruling is assigned as error.

Paragraph 30, ch. 43, of the statute prescribes the form of the complaint for a search warrant, and the warrant issued in this case is in substantial conformity with the statute. The form set out in the statute concludes as follows: "and that the following are the reasons for his belief, to-wit: (here insert the facts upon which such belief is based)." [Cahill's Ill. St. ch. 43, ¶ 30.] The statute does not require personal knowledge as to the basis of the complaint. All that

is required is just and reasonable grounds to believe that the facts stated in the complaint are true. The basis of the belief in this case was that affiant had received information from a reliable person who had seen intoxicating liquor manufactured, kept for sale and sold on the premises in question. In *Langdon v. People,* 133 Ill. 382, the complainant alleged, as a basis for the issuance of a search warrant, that the affiant was informed by the sheriff that Langdon, who was then in jail under arrest for fraud, told the sheriff the certificates sought to be secured were in his office. It was held that this allegation was sufficient to justify the issuance of a search warrant. Under this authority, we think the affidavit in this case was sufficient and the court committed no error in so holding.

It is insisted that the second and third counts of the indictment allege no crime; that the union of possession, with intent or purpose to violate the act, is necessary to constitute the crime, and this is not alleged in the indictment. The second count alleged that the plaintiff in error possessed intoxicating liquor unlawfully, contrary to the form of the statute in such case made and provided. The third count alleged that he unlawfully had in his possession a still, contrary to the form of the statute in such case made and provided. In *People v. Peiscz,* 226 Ill. App. 363, we had occasion to consider the sufficiency of an allegation of this kind. We there held that the charge that the plaintiff in error did unlawfully possess intoxicating liquor is but the statement of the conclusion of the pleader. In order to properly allege a violation of the statute it is necessary to allege that the possession of the liquor was intended for use in violation of the Prohibition Act, or was unlawfully acquired by the accused, or was held in violation of some express provision of the act; that any of these allegations is sufficient. The second and third counts are in strict conformity with this decision and the court properly so held. Even if the sec-

ond and third counts were not good, the plaintiff in error has no cause for complaint for the reason that the first count is conceded to be good. The plaintiff in error was sentenced to imprisonment on each count, but as the sentences were the same and are to run concurrently, the sentence on the first count being good, there was no injury even if the second and third are insufficient.

Plaintiff in error claims there is no evidence of the manufacture of intoxicating liquor, or that the still found on the premises could be used in the manufacture of liquor. This was purely a question of fact. The officers not only found large quantities of intoxicating liquor on the premises, but they found appliances from which it might naturally be inferred that intoxicating liquors were manufactured. The evidence amply sustains the finding that the plaintiff in error was guilty under all three counts of the indictment.

We find no reversible error and the judgment will be affirmed.

*Judgment affirmed.*