## The People of the State of Illinois, Defendant in Error, v. Virgil Cade, Plaintiff in Error.

### Gen. No. 7,779.

1. CRIMINAL PROCEDURE—*insufficiency of abstract for review of ruling on motion for change of venue.* Whether the trial court improperly overruled the motion of defendant in a criminal prosecution for a change of venue is not properly before the court for review where the abstract does not disclose upon what ground the change of venue was asked and the facts upon which the petition was based are not stated.

2. INTOXICATING LIQUORS—*insufficiency of indictment for unlawful possession of still.* Under section 27 of the Prohibition Act, Cahill's Ill. St. ch. 43, ¶ 28, making it unlawful to have possession of a still "unless he shall first secure a permit from the Attorney General," where an indictment does not negative the having of such a permit nor contain equivalent language to exclude with certainty such exception, the charge is defective and a motion to quash should be sustained, an averment that defendant had no authority under the law being merely a statement of a conclusion and insufficient.

3. CRIMINAL PROCEDURE—*incompetency as evidence of still seized without search warrant.* In a prosecution for having possession of a still, where the alleged still was taken by the officers from de-

fendant's dwelling without a search warrant, it could not be used as evidence against him on the trial.

4. CRIMINAL PROCEDURE—*view by jury of still seized without search warrant as prejudicial error.* On a trial for having possession of a still where the jury were permitted, on motion of the State's Attorney and order of the court, to retire with an officer and go to the jail to view the apparatus alleged to be a still, which was seized while in defendant's possession, the action of the court was erroneous and prejudicial.

5. CRIMINAL PROCEDURE—*competency of nonexpert evidence that seized apparatus was a still.* Oral evidence that the apparatus which defendant had in his possession was a still, consisting of the opinions of persons having no special knowledge or experience concerning such matters, is without evidentiary value and is incompetent.

Error by defendant to the County Court of Piatt county; the Hon. M. R. DAVIDSON, Judge, presiding. Heard in this court at the October term, 1924. Reversed. Opinion filed December 31, 1924.

LYNN S. CORBLY and THOMAS J. KASTEL, for plaintiff in error.

BURL A. EDIE, State's Attorney, for defendant in error.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

The plaintiff in error, Virgil Cade, was indicted by the grand jury of Piatt county for alleged violations of the Prohibition Act. The indictment, containing eight counts, was certified by the circuit court to the county court for trial. A motion to quash the indictment and each count thereof was made, which the court overruled. The eighth count of the indictment was thereupon *nollied* by the State's Attorney. A trial was then had on the remaining counts in the indictment, but the jury were unable to agree upon a verdict. Afterwards another trial was had and the plaintiff in error found guilty of the charge contained in the sixth count, namely, that he did unlawfully have

in his possession a still, while the said county of Piatt was then and there prohibition territory, without having authority under the law to do so. A motion for a new trial and a motion in arrest of judgment were duly made and were denied, and judgment of conviction was entered against the plaintiff in error on the sixth count of the indictment and he was sentenced to pay a fine of $100, and to imprisonment in the county jail for thirty days. A writ of error is now prosecuted from the judgment.

A number of questions are raised for reversal of the judgment. It is insisted by the plaintiff in error that the court erred in overruling his motion for change of venue. The abstract, however, does not disclose upon what ground the change of venue was asked, nor are the facts stated, upon which the petition was based. The determination of this question is therefore not properly before us for consideration.

Error is also assigned on the overruling of the motion to quash the sixth count of the indictment which charges the offense for which the plaintiff in error was convicted. It is claimed that the allegations are legally insufficient to charge an offense. The count aims to state a violation of section 27 of the Prohibition Act [Cahill's Ill. St. ch. 43, ¶ 28], which provides, that: "It shall be unlawful for any person to own, operate or maintain, or have in his possession or any interest in a still, unless he shall first secure a permit from the Attorney General." It is apparent from the language of the statute that the owning of a still is not unlawful if the owner thereof has the permit provided for, and the absence of the permit constitutes a necessary part of the definition of the offense; and it is necessary to allege that the person accused had no permit from the Attorney General, in order to show affirmatively that there was a violation of the statute. *People v. Martin,* 314 Ill. 110. Where exceptions are embraced in the same clause making an act

criminal, such exceptions must be negatived. *Beasley v. People*, 89 Ill. 571; *People v. Martin, supra.* Nor is there any equivalent language in the charge which excludes with certainty the exception mentioned. The averment that he had no authority under the law is merely the statement of a conclusion and not of a fact. It is apparent, therefore, that there was a substantial defect in the count upon which the plaintiff in error was found guilty, and the motion to quash this count of the indictment should therefore have been sustained.

The record also discloses that the apparatus which was claimed to be a still was taken by a deputy sheriff and others, acting in conjunction with him, from the dwelling house of the plaintiff in error and was seized without complying with the requirements of the search and seizure law, that is to say, without first having obtained a search warrant. The record also shows that the apparatus and mechanical devices alleged to be a still were taken from the house and from the possession of the plaintiff in error and placed into the custody of the sheriff, in his garage at the jail, where they remained until the time of trial. It is insisted by the plaintiff in error that inasmuch as this seizure was in violation of his constitutional rights, the articles seized could not be used as evidence against him on the trial. It has been so held in *People v. Brocamp*, 307 Ill. 448, and *People v. Castree*, 311 Ill. 392. It is also pointed out, in connection with this matter of evidence, that at the end of the oral testimony for the People, the State's Attorney made a motion that the court allow the jury to retire from the court room, with an officer, and go to the jail and view the articles and mechanical devices referred to, and the court made the following order: "The jury may retire with an officer at this time and go to jail and see what they show you." The jury retired thereupon with an officer. The record does not disclose what they showed

to the jury, but the jury were afterwards returned into court, having presumably seen whatever evidence was presented to them. This action of the court was clearly erroneous and prejudicial to the rights of the plaintiff in error. The law contemplates that the trial of a defendant charged with crime shall be conducted in the court, in the presence and hearing of the court, and in the presence and hearing of the defendant. All the evidence against the defendant should be adduced in open court so that he may hear and see what is presented against him and have an opportunity to make his objections, if he have any, and the court should be present to rule and pass upon such objections. The record does not disclose what evidence was produced at the jail nor what the jury saw or heard. The whole proceeding, however, was extrajudicial. Moreover the oral proof which was offered to show that the apparatus mentioned constituted the alleged still rests practically upon the opinion of witnesses who apparently had no special knowledge or experience concerning the matters about which they expressed opinions. Evidence of this character is not considered as having any evidentiary value, and was clearly incompetent; it is in the same legal category with surmises, suspicions and guesses, and conjectures. "The guilt of a person accused of a crime cannot rest upon guess, surmise or speculation." *People v. Burke,* 313 Ill. 576.

For the reasons stated the judgment is reversed.

*Judgment reversed.*