## The People of the State of Illinois, Defendant in Error, v. Harley Hill, Plaintiff in Error.

1. INTOXICATING LIQUORS—*sufficiency of evidence to sustain verdict of unlawful sale.* Evidence in prosecution under Prohibition Act held to sustain verdict against defendant charged with unlawful sale.

2. WITNESSES—*discretion of court as to admission of impeaching testimony.* The admission of testimony to impeach the general reputation for veracity of a witness in a prosecution under the Prohibition Act is largely a matter of discretion with the trial court.

3. INTOXICATING LIQUORS—*necessity to negative right of sale under permit in count for sale for beverage· purposes.* Where a count of an information under the Prohibition Act charged a sale of liquor "for beverage purposes," it was not error to refuse to quash the count because failing to negative a right of sale "under a permit," since the Act does not authorize the issuance of a permit to sell for beverage purposes.

Error by defendant to the County Court of Perry county; the Hon. J. G. VAN KEUREN, Judge, presiding. Heard in this court at the October term, 1925. Affirmed. Opinion filed February 17, 1926.

L. A. CRANSTON, for plaintiff in error.

JUDSON E. HARRISS, for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Plaintiff in error, Harley Hill, was found guilty of a violation of the Illinois Prohibition Act [Cahill's St. ch. 43] in the county court of Perry county under an information which originally consisted of two counts. To the first the State's Attorney, on the trial, entered a *nolle prosequi.* The second count charged that the said Harley Hill, on the 9th day of May, 1924, "did then and there unlawfully sell intoxicating liquor, said act of the said Harley Hill in making said sale of intoxicating liquor being then and there prohibited and unlawful and in violation of the provisions of the Illinois Prohibition Act; said intoxicating liquor being for beverage purposes and fit for use for beverage purposes and not wine for sacramental purposes and not denatured alcohol or denatured rum used as provided by law nor vinegar or preserved sweet cider and said intoxicating liquor so sold as aforesaid not then and

there having been sold on a prescription of a physician, contrary,'' etc.

Plaintiff in error was found guilty by a jury under the second count of the information and sentenced to pay a fine of $400 and stand committed to the county jail until fine and costs were paid. Two witnesses for the State, who appear to have been employed by the State's Attorney and other officers of Perry county, testified to having made purchases of intoxicating liquor known as ''white mule'' of plaintiff in error on the date named in the information at a ''soft drink'' place operated by him in the City of DuQuoin in said county. Plaintiff in error swore that he never made the sales testified to by said witnesses for the State. A witness for him named Siebenschuh swore that he saw one of the witnesses for the State, John Franklin, in Hill's place at one time, did not know what day it was, and on that occasion Franklin was refused liquor when he asked for a drink. In addition to this testimony plaintiff in error introduced several witnesses, some of whom testified to facts tending to contradict a statement of one of the State's witnesses, Franklin, that there were a number of chickens in boxes in the room when he purchased the liquor. By his other witnesses he sought to impeach the general reputation of the State's witnesses for truth and veracity. The evidence, as a whole, appears to us to have clearly sustained the verdict of the jury.

Plaintiff in error complains that the testimony of one of his impeaching witnesses who had known Franklin some 12 or 13 years before was not admitted by the court. This, under the circumstances, was largely a matter of discretion with the court and we cannot say that such discretion was abused in the refusal to admit said testimony. The principal contention of plaintiff in error appears to be that the second count of the information is defective because it does not negative the right of sale ''under a permit'' and that there-

fore his motion to quash this count should have been sustained. This contention must fall for the reason that the second count of the information clearly charges that the liquor in question was sold for beverage purposes, and under the Prohibition Act of this State no one is given the right to issue a permit to sell intoxicating liquor for beverage purposes. While the Attorney General is given the right to issue permits for the sale of intoxicating liquors, in certain cases for nonbeverage purposes, he cannot issue such permits for the sale of the same for beverage purposes.

The record discloses no reason calling for the reversal of the judgment in this case and the same is therefore affirmed.

*Affirmed.*