## The People of the State of Illinois, Defendant in Error, v. Amel McClary and John Welk, alias Jack Welk, Plaintiffs in Error.

### Gen. No. 7,529.

1. INTOXICATING LIQUORS—*immateriality of ambiguity of allegation in information respecting granting of permit by Attorney General where acts charged illegal without regard to possession of permit.*   Since the possession, transportation and sale of intoxicating liquors for beverage purposes is absolutely prohibited under all circumstances by the Prohibition Act, where an information charging such illegal possession, etc., by the defendants jointly, alleges that such possession, etc., was without a permit from the Attorney General, such allegation is mere surplusage, rendering immaterial any possible uncertainty created by the fact that the singular rather than the plural form of the word permit was used.

2. JURY—*right to further interrogate juror after acceptance of last panel by both sides but before jury sworn.*   It was not error for the trial court to refuse to allow defendant in a prosecution for crime to further interrogate a juror after the last panel

of four had been accepted by both sides, but not sworn, especially where it does not appear that good cause for the request was shown.

3. CRIMINAL PROCEDURE—*harmlessness of, instruction touching credibility of witness in view of other instructions given.* An instruction touching the credibility of a witness in a prosecution for crime which authorized the jury to consider "any circumstances that tended to shed light upon his credibility," erroneous because not limiting the "circumstances" to those shown by the evidence, held harmless in view of other instructions given in behalf of both parties.

Error by defendants to the County Court of Kankakee county; the Hon. HENRY F. RUEL, Judge, presiding. Heard in this court at the October term, 1925. Affirmed. Opinion filed April 5, 1926.

E. P. HARNEY, for plaintiffs in error.

ANKER C. JENSEN, for defendant in error.

MR. PRESIDING JUSTICE JONES delivered the opinion of the court.

This is a criminal prosecution against the plaintiffs in error under the Prohibition Act. The information consists of four counts. The first count charges that plaintiffs in error on December 23, 1924, did unlawfully sell intoxicating liquor for beverage purposes within prohibition territory without having a permit from the Attorney General of the State of Illinois to sell said liquor or without being authorized by law so to do. The second count charges that plaintiffs in error on the same day did unlawfully possess intoxicating liquor for beverage purposes within prohibition territory with intent to sell liquor for beverage purposes without having a permit from the Attorney General of the state of Illinois to possess liquor or without being authorized by law so to do. The third count charges that the plaintiffs in error on said date did unlawfully sell intoxicating liquor to wit: one pint of whisky for beverage purposes within prohibition territory without having a permit from the Attorney General to sell

said liquor or without being authorized by law so to do. The fourth count is like the first except that it lays the date as December 20, 1924. A trial was had before a jury and plaintiffs in error were found guilty. The verdict was a general verdict of guilty without specifying the count or counts on which they were so found guilty. After a motion for a new trial was denied, plaintiff in error Amel McClary was sentenced to pay a fine of $400 and costs, and plaintiff in error John Welk was sentenced to pay a fine of $100 and costs. They prosecute this writ of error.

Before the trial a motion to quash the information was made on the ground that it is uncertain, in that the words "a permit," being singular, it is impossible to construe it as referring to both the parties charged and there is no way to apply it to one of the defendants rather than to the other.

We think that the allegation concerning a lack of a permit from the Attorney General was unnecessary and may be regarded as surplusage. For that reason it makes no difference whether the words "a permit" should be construed as singular or plural, or whether it referred to one or both of the defendants. The Illinois Prohibition Act prohibits the sale of intoxicating liquor for beverage purposes without exception or reservation. (*People v. Hill*, 239 Ill. App. 498.) But its sale for medicinal, mechanical and sacramental purposes is allowed, provided the seller has a permit from the Attorney General to sell. Since a sale of intoxicating liquor for beverage purposes is not authorized under any circumstances, an information or indictment charging a sale for beverage purposes need not aver that the sale was made without a permit from the Attorney General. Neither that officer nor any other officer has authority to grant a permit to sell intoxicating liquor for beverage purposes, and a permit to do so would be void under the Illinois Prohibition Act.

The rule announced in *People v. Martin*, 314 Ill. 110,

and *People v. Barnes,* 314 Ill. 140, to the effect that the exceptions contained in the Prohibition Act must be negatived in an indictment or information, has application only to charges which do not allege that the intoxicating liquor was manufactured, sold, bartered, etc. for beverage purposes. Such uses of intoxicating liquor for beverage purposes are expressly prohibited. (*People v. Barnes, supra.*) The exceptions mentioned in section 3 [Cahill's St. ch. 43, ¶ 3] have no reference to manufacture, sale, possession, etc. of intoxicating liquor for beverage purposes. They refer solely to liquor intended for nonbeverage purposes. There is no rule which requires a pleader to negative a condition unless that condition is an exception or proviso to the principal thing allowed or inhibited. The Prohibition Act contains no exceptions or provisos to its inhibition against the sale of intoxicating liquor for beverage purposes. In the *Martin* case, the charges were the possession of a still and the possession of intoxicating liquor. It will be readily seen that the acts were lawful or criminal depending entirely upon whether or not the defendant had brought himself under the exceptions and provisos of the statute. In the *Barnes* case the defendant was charged with manufacturing, possessing and selling "certain intoxicating liquor." Whether or not he had committed an offense under the law also depended upon the exceptions and provisos heretofore mentioned. It is obvious that where the act charged may be lawful or unlawful depending upon the exceptions in the statute, such exceptions must be negatived, but where the act charged is always unlawful, there is neither necessity nor excuse for negativing anything. In our judgment the Supreme Court in *People v. Tate,* 316 Ill. 52, does not hold that a charge of selling intoxicating liquor for beverage purposes must also allege that the sale was without a permit from the Attorney General. It is true that the indictment in that case contained such

an allegation, but the Supreme Court did not declare it to be an essential allegation.

We held in *People v. Peiscz,* 226 Ill. App. 363, that possession of intoxicating liquor is lawful or unlawful depending upon the circumstances of the particular case. And adhering to that rule, it is evident that where possession is charged to be with the intent to sell for beverage purposes, such possession is unlawful whether it is under a permit of the Attorney General or not. We think the motion to quash the information was properly overruled.

The trial court did not err in refusing to allow plaintiffs in error to further interrogate a juror after the last panel of four jurors had been accepted by both sides, but not sworn. The law seems to be settled that for good cause shown courts may discharge a juror even after he has been sworn (*Ochs v. People,* 124 Ill. 401); or, after being accepted by one side and tendered to the other, upon further examination by the side accepting him (*Belt v. People,* 97 Ill. 461); but after the panel of four jurors has been accepted by both sides and not yet sworn, neither party can as a matter of right peremptorily challenge any of them. (*Mayers v. Smith,* 121 Ill. 442.) It does not appear that good cause was shown to support their request.

The ninth instruction on behalf of the people relating to the credibility of witnesses told the jury it should consider, among other things, "any circumstances that tended to shed light upon his credibility" and continued: "You should determine the amount of credence to which each statement is entitled at your hands as reasonable and intelligent men." A similar instruction was criticised in *People v. Krauser,* 315 Ill. 485 p. 517, but it is not clear that the instruction was condemned as reversible error. A number of other instructions were held erroneous. In *People v. Thompson,* 274 Ill. 214 p., 220, an instruction using the first phrase quoted above was said to be sub-

ject to the technical objection that it did not limit the term "any circumstances" to circumstances shown by the evidence, and it was held that in view of the other instructions given for the prosecution and defense it could not have misled the jury into considering circumstances not appearing in evidence. We think the opinion in that case aptly applies to this case, and while the instruction is not accurate, still, in view of the other instructions given for both the People and the defendants, we believe the error was harmless.

The People's second instruction is in the language of the first paragraph of section 3 of the Prohibition Act [Cahill's St. ch. 43, ¶ 3]. When it is considered in connection with other instructions in the series, no error was committed in giving it.

The error complained of in the People's tenth instruction did not injuriously affect plaintiffs in error. It is true it singled out the testimony of detectives, yet it warned the jury to subject it to severe scrutiny. The detectives were witnesses for the State and if the instruction tended to discredit their testimony, plaintiffs in error were not harmed by it.

The criticism of the People's twelfth instruction is without merit because the language of the instruction conforms to the law where an alibi is relied upon as a defense. (*People v. Robinson*, 308 Ill. 398; *People v. Gormach*, 302 Ill. 332; *People v. Pelinski*, 293 Ill. 382.)

We find no reversible error in the record and the judgment of the county court is affirmed.

*Judgment affirmed.*