## The People of the State of Illinois, Defendant in Error, v. Emma Callier, Plaintiff in Error.

## Gen. No. 30,701.

1. INTOXICATING LIQUOR—*when information sufficient.* An information charging that defendant had in her possession intoxicating liquor for unlawful and beverage purposes, and not for medicinal, sacramental or mechanical purposes, is sufficient under the Illinois Prohibition Act, Cahill's St. ch. 43, ¶ 3.

2. ARREST FOR CRIME—*necessity for warrant.* Evidence that two men coming out of a building appeared intoxicated is not sufficient to prove a criminal offense had been committed, nor that a woman living in one of the apartments of the building had committed an offense so as to permit an officer to arrest her without warrant under Cahill's St. ch. 38, ¶ 681.

3. CRIMINAL PROCEDURE—*when jurisdiction acquired though arrest illegal.* The court acquires jurisdiction over one who, even though unjustifiably arrested without warrant, submits to the court's jurisdiction without challenging the manner of arrest.

4. CRIMINAL PROCEDURE—*when motion to suppress evidence should be passed on.* A motion by defendant, supported by apt petition, to suppress evidence against her of the seizure of intoxicating liquor in her apartment without warrant and without proof of offense committed, should be passed on before taking evidence, and allowed and the seized liquor impounded.

5. SEARCHES AND SEIZURES—*when unreasonable.* The entry of police into defendant's flat without a search warrant on the assumption that two apparently intoxicated men coming from the building were proof of prohibition law violation by defendant is a violaton of defendant's legal rights and equally so their seizure of liquor therein.

6.  INTOXICATING LIQUOR—*when guilt not sufficiently established.*  The obvious improbability of one accused of unlawfully having intoxicating liquor in her possession admitting to the officer who unlawfully arrests her that she has it for sale, which she denies on the stand against the sole evidence of the officer, warrants the court in concluding that defendant was not proved guilty beyond a reasonable doubt.

Error by defendant to the Municipal Court of Chicago; the Hon. A. M. EBERHARDT, Judge, presiding.  Heard in the third division of this court for the first district at the March term, 1926.  Reversed.  Opinion filed March 2, 1927.

WILLIAM H. HAYNES, for plaintiff in error.

ROBERT E. CROWE, State's Attorney, EDWARD E. WILSON and CLARENCE E. NELSON, Assistant State's Attorneys, for defendant in error.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

On June 17, 1925, an information, signed and sworn to by one Walter G. Storms, was filed in the name of the People, in the municipal court of Chicago, containing the following charges:  That Emma Callier, the defendant, on June 16, 1925, Chicago, "then and there wilfully, knowingly and unlawfully within the corporate limits of the City of Chicago, Co. of Cook, and State of Ill., have in his possession, intoxicating liquors containing more than one-half of one per cent of alcohol by volume, said liquor being for unlawful and beverage purpose and not for medicinal, sacramental or mechanical purpose.  In viol. sec. 3 Ill. Prob. Act.''

An order was entered on the same day providing that the defendant be put in bail in the sum of $1,000; and that as the defendant was arrested without warrant, *capias* or other writ, and being present in open court, she be taken into custody by the bailiff of the court to answer the information.  The defendant, waiving trial

by jury, and being duly arraigned, pleaded not guilty. There was a trial before the court, without a jury, and the court found the defendant guilty in manner and form as charged in the information. Judgment was entered against the defendant that she was guilty of the criminal offense of "unlawfully having in her possession intoxicating liquor for beverage purposes and not medicinal, sacramental or mechanical purposes without a permit from the Attorney General of the State of Illinois." The defendant was thereupon fined in the sum of $100 and costs of suit. Motions for a new trial and in arrest of judgment were made on behalf of the defendant and overruled. This appeal is from the foregoing judgment.

At the beginning of the trial, counsel for the defendant moved the court to suppress the evidence, and, in support of the motion, presented a sworn petition of the defendant. The court ruled that the trial should go on, and stated that at the close of the evidence he would rule upon the defendant's motion.

The defendant was then arraigned, and the clerk of the court then stated to the defendant that she was charged with the violation of section 3 of the Prohibition Act [Cahill's St. ch. 43, ¶ 3], and asked whether she was guilty or not guilty, to which she responded, "Not guilty."

Counsel for the defendant then stated that he was undertaking to make a motion to quash the information, and that meanwhile the clerk had no right to arraign the defendant. The court stated, "Make the motion now, and it will be all right." Counsel for the defendant then moved the court to quash the information. That motion was then overruled. Following that, the petition to suppress the evidence was filed.

The petition to suppress the evidence, signed and sworn to by the defendant, states, among other things, that she resides in an apartment on the premises

known as 467 Bowen Avenue, Chicago; that on June 16, 1925, police officers of the city entered her apartment between 10 and 12 p. m. at night, without having any warrant or lawful authority so to do; that they then and there searched the premises and took from the premises a quantity of "spirituous liquors," which they claimed contained more than one-half of one per cent of alcohol, by volume; that their search and seizure was made without any warrant or authority so to do, in violation of the fourth and fifth amendments to the Constitution of the United States, and sections 6 and 10 of article 2 of the Constitution of the State of Illinois, and that the said liquors are now in the custody of the police officers, and the State's attorney of Cook county; that they propose to use the said liquor in evidence against her in the trial of her case.

The petition asked that the trial court inquire into the facts as to whether or not the liquor which was seized, and to be introduced in evidence, was taken by criminal search and seizure; that an order be entered requiring the police officers and the State's attorney to return to her the liquor taken from her dwelling or house in the nighttime in disregard to her constitutional rights, or that the same be impounded by the court.

The evidence in the case consists of the testimony of Walter Storms, a police officer, and that of the defendant. The evidence of Storms is substantially as follows: On Tuesday night, June 15, between the hours of 10 and 12 p. m., he and two other officers were passing the defendant's house, at 467 Bowen Avenue, in Chicago, and saw two men coming out of the premises who appeared to be intoxicated. "We became suspicious and then we entered the premises and went to the second floor where Emma Callier lives, and we found her in her flat and she was undressed and apparently ready to retire. Another wo-

man was in the flat asleep in bed in the back room. A man was in the flat, but this man had just gone into the flat ahead of the officers.'' There was nothing disorderly going on in the house at the time they went in. They looked through the premises and searched the flat, and finally came to a closet, in which the liquor in question was found. They asked the defendant to open the closet and she opened it. After they seized the liquor, the defendant admitted she had it there for sale. Neither he nor the other officer had a search warrant. They went in because they saw a man coming out who appeared to be drunk. The liquor which they took was not in view until after the closet was opened. The closet was locked, and they told the defendant if she did not open the closet they would break it open; that the defendant opened the closet; that they then searched and found the liquor in the closet.

It was agreed between counsel that the liquor in question contained more than one-half of one per cent of alcohol by volume.

At that point in the trial, counsel for the defendant reiterated his motion to suppress the evidence, on the ground that the house was entered without a search warrant, or other process. The court stated that the motion at that time would be overruled, but for the sake of the record he would still hold it under advisement until all the other evidence was in.

The evidence of the defendant is substantially as follows: Between 10 and 12 p. m. on June 16, 1925, three police officers came into her flat, without knocking on the door, and without being admitted by her, ''They just broke in—just walked right in without being admitted by me or anybody else''; that one of them was Walter Storms; the other two, she did not know. As soon as they got into her flat they proceeded to search it, and searched through the furniture and the drawers in the bureau and chiffonier, and the closets

in every room, all through the flat. She did not give them permission to search the flat, but told them they had no right to search her flat unless they had a warrant. She did not help them to search the flat, and did not open the closet door for them. At the time they came in, she was undressed preparing to go to bed. She asked them to show her their search warrant or their authority to search her house. They told her they were police officers and they did not need any warrant, and that they were going to search her flat anyway. The closet was locked, and they could not open it. They asked her to open the closet and she refused to do so. Officer Storm and the other officers told her if she did not open the closet they would put her in jail. Officer Storm said, "You open that closet or we'll take you to the police station just as you are now, without a chance to dress." They said they would break the closet door down if she did not open it. She again asked them to show her the warrant, with the result that they only abused and cursed her and threatened to strike her, and, being afraid they would injure her, she unlocked the closet door, but refused to open it. Then the officers opened the door and searched the closet. She did not tell them that she had whisky there for the purpose of sale. There was no disorderly conduct of any kind in her house while the officers were in there, except what the officers caused by threatening her when searching through the house. She did not let the officers into her flat or house, nor give them permission to come in; that "they just came in, as rough as they could be. Just forced the door and came on in, that is all."

At the close of the evidence, counsel again pressed his motion for suppression of the evidence, and it was overruled. Judgment was then entered, as stated above, and motions for a new trial and in arrest of judgment were made and overruled.

It is contended for the defendant (1) that the information is substantially defective; (2) that there was no justification for the defendant's arrest; (3) that the motion to suppress certain evidence, against the defendant, should have been allowed; and (4) that the defendant was not proven guilty beyond a reasonable doubt.

(1) Is the information substantially defective? The information, as stated above, charged the defendant with having in her possession "intoxicating liquors containing more than one-half of one per cent of alcohol by volume, said liquor being for unlawful and beverage purpose and not for medicinal, sacramental or mechanical purpose. In Viol. sec. 3 Ill. Prob. Act."

Section 3 of the Illinois Prohibition Act [Cahill's St. ch. 43, ¶ 3] is as follows: "No person shall * * * manufacture, sell, barter, transport, deliver, furnish or possess any intoxicating liquor except as authorized in this Act." It will be observed that the information here—unlike the information in the *People v. Peiscz,* 226 Ill. App. 363—charges that it was possessed for beverage and unlawful purposes. We think that is sufficient. In the *Peiscz* case, *supra,* after considering the effect of sections 3 and 28, as to possession, and sections 4, 8 and 40, which permit possession under certain circumstances, the court said: "An information which merely alleges possession of intoxicating liquors does not charge any crime. The charge must go further. It must allege that the possession of the liquor was intended for use in violating the Prohibition Act, or was unlawfully acquired by the accused, or was held in violation of some express provision of said act." The information in the instant case not only recited that the defendant had it in her possession, but that she had it in her possession for unlawful, and not for medicinal, sacramental or mechanical purposes.

We think that constitutes a sufficient charge of a violation of the statute.

(2) Was there justification for her arrest? Paragraph 681, div. 6, ch. 38, Cahill's St. 1925, is as follows:

"An arrest may be made by an officer or by a private person without warrant, for a criminal offense committed or attempted in his presence, and by an officer, when a criminal offense has in fact been committed, and he has reasonable ground for believing that the person to be arrested has committed it."

We know of no case, and none has been cited—the brief for the People contains no citation whatever on the subject—that holds that "seeing two men who appeared to be intoxicated coming out of an apartment building" is evidence that "a criminal offense has been committed" in a particular apartment in the building, and gives reasonable ground for believing that a particular person in that apartment has committed it. The fact that the two men coming out of the building appeared to be intoxicated is not, in and of itself, sufficient evidence that "a criminal offense has in fact been committed," nor, even if it were, was there "reasonable ground for believing" that the defendant——living at the time in one of the apartments, with the outside door shut and locked—committed the criminal offense. We are of the opinion, however, that even though no warrant was issued, and the evidence showed that the arrest was not justified, yet, the defendant being in court without challenging the mode or manner of her arrest, and the written information setting forth the offense charged, being presented against her, the court thereby had jurisdiction. *People v. Guthman,* 211 Ill. App. 373.

(3) Having obtained jurisdiction, the question arises whether the court, *in limine,* should have heard and allowed the motion—supported as it was by an apt petition—to suppress the evidence as to the intoxicat-

ing liquor that was seized and intended to be used in evidence against her. During the actual trial, the court held the motion in abeyance, and at the close, but before judgment, announced that it was overruled. We are of the opinion that the motion not only should have been heard and passed upon before the taking of evidence, but should have been allowed, and that the court should have impounded the intoxicating liquor and refused its use as evidence in the trial. *People v. Castree,* 311 Ill. 392; *People v. Cade,* 235 Ill. App. 587.

In *Gindrat v. People,* 138 Ill. 103, the court said, "Courts, in the administration of the criminal law, are not accustomed to be over-sensitive in regard to the sources from which evidence comes, and will avail themselves of all evidence that is competent and pertinent and not subversive of some constitutional or legal right." In the *Castree* case, *supra,* the court said, referring to the language just quoted from the *Gindrat* case, "The last clause is important and is vital to the question now under consideration, for to receive the evidence in this case would be subversive of the plaintiff in error's constitutional right to be secure in his person, houses, papers and effects against unreasonable searches and seizures."

It was held in *People v. Brocamp,* 307 Ill. 448, as stated by Mr. Justice Dunn in the *Castree* case, that "where the defendant makes timely application, before the beginning of the trial, for an order directing the return to him of the property or papers unlawfully seized, the court should hear and determine the question of the legality of the seizure, and if it erroneously refuses to do so and receives the property in evidence against the defendant over his objection, it is an error for which the judgment of conviction must be reversed."

As to the question, whether the motion should have been allowed and the evidence suppressed, we are of

the opinion that the entry of the officers into the flat of the defendant, without a search warrant, was in plain violation of the law, and that their seizure of the liquor, which they found there in a closet, was in plain violation of the rights of the defendant. *People v. Castree, supra,* and cases therein cited.

It is urged that the defendant was not proven guilty, beyond a reasonable doubt, of the crime charged in the information.

As the statute does not make mere possession an offense, the question arises whether the evidence proves beyond a reasonable doubt that the defendant not only had the intoxicating liquor in her possession, but had it for purpose of sale, or some other illegal purpose. Storms, the police officer, testified that she told him that she had it for sale. That, she denies, and there are no witnesses that in any way tend to corroborate Storms; while, on the other hand, it seems highly improbable, considering the way the officers got into the flat, and what they did after they got in there, that any such statement by the defendant was made. It is true that the trial judge saw the witnesses, but, considering all the evidence, there is such obvious improbability in the story of Storms, while that of the defendant is, at least, reasonably plausible, that we are constrained to conclude that illegal possession was not proved beyond a reasonable doubt.

For the foregoing reasons, the judgment is reversed.

*Reversed.*

O'CONNOR and THOMSON, JJ., concur.