(No. 16093.—Judgment reversed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM H. MARTIN, Plaintiff in Error.

*Opinion filed October 28, 1924.*

1. PROHIBITION—*when count does not sufficiently charge unlawful possession of liquor.* A count of an information which merely alleges that the defendant unlawfully possessed intoxicating liquor contrary to the form of the statute is not sufficient to charge unlawful possession of liquor under either section 3 or section 28 of the Prohibition act, as the count does not allege either that the defendant was not authorized by law to possess the liquor or that he possessed the same with intent to violate the provisions of the act, and the use of the word "unlawfully" merely represents the conclusion of the pleader.

2. SAME—*exception is substantive part of description of offense in section 27 of Prohibition act.* A count in an information charg-

ing the unlawful ownership or possession of a still should allege that such possession was without proper permit, as the exception is a substantive part of the description of the offense as defined in section 27 of the Prohibition act.

. 3. SAME—*information must contain sufficient averments to define offense.* While by section 39 of the Prohibition act it is not necessary for an information or indictment to include any defensive negative averments, there must be sufficient averments to show that the act complained of was prohibited and unlawful.

4. CRIMINAL LAW—*an indictment or information should contain sufficient averments to show statutory offense.* An indictment or information charging an offense defined by statute should be as fully descriptive of the offense as is the language of the statute and should allege every substantial element of the offense as defined by the statute.

5. SAME—*when indictment must allege accused is not within exception in definition of offense.* Where a statute defining an offense contains an exception or proviso in its enacting clause which is so incorporated with the language describing and defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, it must be shown that the accused is not within the exception.

6. SAME—*indictment must be sufficient to inform defendant of nature of offense.* Under section 9 of the bill of rights of the constitution, every indictment must, by a sufficient statutory description or other proper averments, so identify the particular offense as to notify the defendant of the crime laid to his charge.

7. SAME—*judgment should be arrested, on motion, where information does not sufficiently define the charge.* Where a verdict of guilty is returned to an information which is defective, in that some element of the crime attempted to be charged was omitted, judgment should be arrested on motion of the defendant.

DUNCAN, C. J., and FARMER and STONE, JJ., dissenting.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on writ of error to the County Court of Franklin county; the Hon. A. D. MORGAN, Judge, presiding.

J. E. CARR, and GEORGE SAWYER, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROY C. MAR-
TIN, State's Attorney, GEORGE C. DIXON, and NEALY I.
GLENN, for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

At the April term of the county court of Franklin
county, Illinois, the State's attorney of said county filed an
information in said court against plaintiff in error for al-
leged violation of the Prohibition act. The information
contained three counts, the first of which alleged "that Wil-
liam H. Martin on the 25th day of January, in the year of
our Lord 1923, at and within said county of Franklin, in
the State of Illinois aforesaid, did then and there unlaw-
fully have and possess a still, contrary to the form of the
statute," etc. The second count alleged "that William H.
Martin on the 25th day of January, in the year of our
Lord 1923, at and within said county of Franklin, in the
State of Illinois aforesaid, did then and there unlawfully
have and possess intoxicating liquor, contrary to the form
of the statute," etc. The third count alleged that Martin
did unlawfully keep and maintain a common nuisance. A
*nolle prosequi* having been entered as to the third count it
is not now under consideration. A jury trial resulted in a
verdict of guilty on the first and second counts of the in-
formation. Motions for a new trial and in arrest of judg-
ment were overruled, and Martin was sentenced on the first
count of the information to pay a fine of $200 and costs,
and on the second count of the information to pay a fine
of $1000 and to be imprisoned in the county jail of said
county for the term of six months. The record was re-
viewed by the Appellate Court for the Fourth District upon
writ of error, and that court affirmed the judgment upon
the first count of the information and held that the judg-
ment on the second count was erroneous, assigning the
reason that the court had no power to impose both fine and

jail sentence for possessing liquor, and remanded the cause
as to the second count, with instructions to the trial court
to enter a proper judgment in accordance with the law. A
writ of *certiorari* having been allowed by this court, the
record is now here for review upon writ of error.

It is contended by plaintiff in error that both counts of
the information are insufficient, in that neither count charges
a crime against the laws of the State of Illinois, and that
a judgment based upon either count is void. Since the pass-
age of the prohibition amendment to the constitution of
the United States, the United States courts and the courts
of last resort of many of the States have passed upon the
question of what allegations are necessary in an indictment
or information charging violation of the Volstead act and
other prohibition acts, with varying results. A discussion
of these various cases would subserve no good purpose, as
an examination of them discloses that they are based upon
local statutes, upon local statutory provisions as to the suf-
ficiency of indictments, or upon previous local decisions as
to what allegations are necessary in an indictment.

By paragraph 289 of chapter 37 of our statutes it is
provided that "every information shall set forth the offense
with reasonable certainty, substantially as required in an in-
dictment." Paragraph 716 of chapter 38 provides: "Every
indictment or accusation of the grand jury shall be deemed
sufficiently technical and correct which states the offense in
the terms and language of the statutes creating the offense,
or so plainly that the nature of the offense may be easily
understood by the jury." Section 3 of chapter 43, in force
at the time of the alleged commission of the offense, pro-
vides: "No person shall on or after the date when this
act goes into effect, manufacture, sell, barter, transport,
deliver, furnish or possess any intoxicating liquor except
as authorized in this act, and all the provisions of this act
shall be liberally construed to the end that the use of in-

314—8

toxicating liquor as a beverage may be prevented. Liquor for non-beverage purposes and wine for sacramental purposes may be manufactured, purchased, sold, bartered, transported, delivered, furnished and possessed, but only as herein provided, and the Attorney General may, upon application, issue permits therefor, but in case the office of commissioner of prohibition shall be created, then such commissioner shall issue said permits: *Provided,* that nothing in this act shall prohibit the purchase and sale of warehouse receipts covering distilled spirits on deposit in government bonded warehouses." Section 28 of said chapter provides: "It shall be unlawful to have or possess any liquor intended for use in violating this act or property designed for the illegal manufacture of liquor, and no property right shall exist in any such liquor or property." Section 27 provides: "It shall be unlawful for any person to own, operate or maintain, or have in his possession or any interest in a still, unless he shall first secure a permit from the Attorney General, but in case the office of commissioner of prohibition shall be created, then from such commissioner, to own such still."

By the laws of this State the possession of intoxicating liquor may be lawful, or its possession may be a violation of either section 3 or section 28, or both. Sections 3 and 28 are not descriptive of the same offense. A person may violate section 3 by possessing intoxicating liquor without being authorized by law to possess the same, without intending to use the same in violating the Prohibition act, which intention is a necessary element in a violation of section 28. On the other hand, a person may violate section 28 by intending to violate the act with liquor which he lawfully possesses under the provisions of the act, and so not violate section 3. The second count of the information is not in the language of either section. It neither charges that plaintiff in error possessed intoxicating liquor

without being authorized by law to possess the same, nor that he possessed intoxicating liquor with intent to violate the provisions of the Prohibition act, but simply 'alleged that he possessed the same, which, of itself, is not a violation of the law. The use of the word "unlawfully" in connection with the allegation of possession does not have any effect, inasmuch as the use of this word represents merely the conclusion of the pleader and does not state any fact from which the inference of unlawfulness would arise. Neither does this count state the offense so plainly that the nature of the offense may be easily understood by the jury.

It is contended by defendant in error that the allegations of the second count of the information are sufficient by reason of section 39 of the Illinois Prohibition act, which provides: "In any affidavit, information, or indictment for the violation of this act, separate offenses may be united in separate counts and the defendant may be tried on all at one trial and the penalty for all offenses may be imposed. It shall not be necessary in any affidavit, information or indictment to give the name of the purchaser or to include any defensive negative averment, but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful, but this provision shall not be construed to preclude the trial court from directing and furnishing the defendant a bill of particulars when it deems it proper to do so."

Where the statute creates an offense, an indictment should contain proper and sufficient averments to show a violation of the law. (*Cannady* v. *People,* 17 Ill. 158.) An indictment or information charging an offense defined by statute should be as fully descriptive of the offense as is the language of the statute and should allege every substantial element of the offense as defined by the statute. (14 R. C. L. 185.) Where a statute defining an offense contains an exception or proviso in its enacting clause which

is so incorporated with the language describing and defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, it must be shown that the accused is not within the exception. (14 R. C. L. 188; *Lequat* v. *People,* 11 Ill. 330; *Metzker* v. *People,* 14 id. 101; *People* v. *Butler,* 268 id. 635.) If an act is prohibited except under certain conditions, the indictment must allege the circumstances for the purpose of showing that the prohibited act constituting the crime has been done. *Sokel* v. *People,* 212 Ill. 238.

Section 40 of the Prohibition act provides: "After the going into effect of this act, the possession of liquors by any person not legally permitted under this act to possess liquor shall be *prima facie* evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this act." It is to be noted that by this section the possession of liquor by any person is not made *prima facie* evidence that such liquor is unlawfully possessed but is made *prima facie* evidence that such liquor is kept for the purpose of being disposed of in violation of the provisions of the act, thereby clearly indicating that the legislature, when enacting this act, intended the words "except as authorized by this act," in section 28, to be substantial, integral and essential elements of the offenses defined in those sections, and they are so incorporated with the language describing and defining the offense that the ingredients of the offense are not accurately and clearly described by an indictment which merely alleges that the defendant "unlawfully possessed intoxicating liquor."

Section 9 of the bill of rights provides that in all criminal prosecutions the accused shall have the right to demand the nature and cause of the accusation against him, and it has been uniformly held that in the fulfillment of that guaranty every indictment must, by a sufficient statutory de-

scription or other proper averments, so identify the particular offense as to notify the defendant of the crime laid to his charge. The second count of the information in this case does not comply with this constitutional requirement.

The first count of the information is not in the language of the statute. Section 27 does not prohibit the owning, operation or maintenance of a still or having in possession a still, but only prohibits the same unless there be first secured a permit from the Attorney General. This exception, like the exception in section 3, is contained in the clause creating the offense and is a substantive part of the description of the offense. While by virtue of section 39 it is not necessary in an information for violation of the Prohibition act to include in the information any defensive negative averments, the information must contain sufficient averments to show that the act complained of was then and there prohibited and unlawful. Neither count of the information contained the requisite legal averments.

Where a verdict of guilty is returned on an information defective in that some element of the crime attempted to be charged was omitted, judgment should be arrested, on motion of the defendant, because the information does not state facts sufficient to constitute a public offense. (*State* v. *Toliver,* 109 Kan. 660.) The county court should have sustained plaintiff in error's motion to arrest the judgment.

The judgments of the Appellate Court and the county court are reversed.      *Judgment reversed.*

DUNCAN, C. J., and FARMER and STONE, JJ., dissenting:

We dissent from the majority opinion for the reasons stated in the dissenting opinion in *People* v. *Barnes,* (*post,* p. 140.)