THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MIKE MINTO *et al.* Plaintiffs in Error.

*Opinion filed October 28, 1925.*

1. PROHIBITION—*when information does not charge an offense.* An information alleging that the defendants "did then and there unlawfully sell intoxicating liquor," and that they "did then and there again unlawfully keep for sale intoxicating liquor," is not sufficient to charge a public offense.

2. CRIMINAL LAW—*when conviction must be reversed for failure to charge an offense—waiver.* Where an indictment or information is insufficient to charge a public offense the Supreme Court must reverse a judgment of conviction notwithstanding the point was not raised either in the trial or Appellate Court, as no waiver or consent by the defendant to a criminal prosecution can confer jurisdiction or authorize his conviction in the absence of an accusation charging him with a violation of the criminal law.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the County Court of DuPage county; the Hon. S. L. RATHJE, Judge, presiding.

RICE & DEBARTOLO, (JOSEPH B. LAWLER, of counsel,) for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, C. W. REED, State's Attorney, MERRILL F. WEHMHOFF, and CHARLES F. MANSFIELD, (W. G. KNOCH, of counsel,) for the People.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The Appellate Court for the Second District affirmed a judgment of the county court of DuPage county convicting Mike Minto and John Rose upon two counts of an information, the first of which charged them with selling intoxicating liquor in the county of DuPage, and the second with keeping intoxicating liquor for sale in that county while it was prohibition territory, and the record has been brought here for review by means of a writ of error.

It will be unnecessary to consider any of the numerous errors assigned except that which challenges the sufficiency of the information.

The two counts upon which the defendants were convicted merely charged, one, that the defendants "did then and there unlawfully sell intoxicating liquor," and the other that they "did then and there again unlawfully keep for sale intoxicating liquor." We have held that counts in these words do not state facts sufficient to constitute a public offense. (*People* v. *Martin,* 314 Ill. 110; *People* v. *Barnes,* id. 140; *People* v. *Tate,* 316 id. 52; *People* v. *Elias,* id. 376.) The cause was submitted in the Appellate Court on October 21, 1924, upon briefs and oral argument for the plaintiffs in error, and on October 28, 1924, was argued

orally by the State's attorney. None of the cases which have been cited had been decided before the latter date, but on that day the opinions in the *Martin case* and the *Barnes case* were filed in this court, and a rehearing was denied in the *Barnes case* on December 3, 1924. The judgment of affirmance was rendered by the Appellate Court on April 25, 1925. These facts all appear by the record and are shown by the abstract filed in this court, and they show that there was no information sufficient to authorize the circuit court to render judgment against the plaintiffs in error. An indictment or information charging a crime is a necessary preliminary to a conviction by the court for that crime. No waiver or consent by defendant to a criminal prosecution can confer jurisdiction or authorize his conviction in the absence of an accusation charging him with a violation of the criminal law. (*People* v. *Pilewski,* 295 Ill. 58.) A verdict of guilty is of no more force than a plea of guilty, and neither establishes guilt if the indictment or information charges no criminal offense, but in either case the defendant may question the indictment or information by a motion in arrest of judgment or on writ of error. (*Klawanski* v. *People,* 218 Ill. 481; *People* v. *Wallace,* 316 id. 120.) In Joyce on Indictments (2d ed. sec. 337, p. 374,) the rule is stated that the question of the sufficiency of an indictment in regard to a statement of facts sufficient to constitute a public offense may be raised at any stage of the case, and cases are cited, decided in the Supreme Courts of the United States and of the States of Iowa and Missouri, holding that an omission in the indictment of a material and necessary description of the offense vitiates the indictment, and such vitiation may be availed of by demurrer, motion in arrest or by writ of error. The assignment of errors in the Appellate Court included error of the court in overruling the defendants' motion in arrest of judgment and in entering judgment on the verdict. The record therefore shows manifest error in the judgment of the

county court and that its judgment should not have been affirmed.

In a supplemental opinion of the Appellate Court it is stated that after its original opinion had been filed, but before it was publicly announced, counsel for the plaintiffs in error asked leave to file authorities relative to the sufficiency of the information. It is stated that the abstract filed in the Appellate Court did not contain the information, that no motion was made in the trial court to quash it, and the question of its sufficiency was not discussed or mentioned in the original brief filed by the plaintiffs in error in the Appellate Court. It is further stated that the rules of the Appellate Court require the abstract to fully present every exception relied upon and will be taken to be sufficient for a full understanding of the question presented for decision, and that it has been repeatedly held that the abstract must be so complete as to fully set out the error relied upon and sufficient for a determination of the case without an examination of the record itself. The same is true of the rules of this court, and we have held that a point presented for the first time in the reply brief of the plaintiff in error will not ordinarily receive consideration. We have also held that since no waiver or consent of the defendant to a criminal prosecution or estoppel against him can confer jurisdiction or authorize his conviction in the absence of an accusation charging him with a violation of the criminal law, the court will not affirm a judgment where the defendant was charged with no offense against the law, when that fact is brought to its attention, though the defendant should not, either in the trial court or the court of review, object on that ground. *People* v. *Wallace, supra.*

The Appellate Court should have reversed the judgment of the county court. The judgments of both courts will be reversed.                    *Judgment reversed.*