(Nos. 17412-17411-17422.—Judgments reversed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RALPH SHELDON, Plaintiff in Error.—Same Defendant in Error *vs.* CHARLES GORDON, Plaintiff in Error.—Same Defendant in Error *vs.* WILLIAM FOX, Plaintiff in Error.

*Opinion filed June 16, 1926.*

1. CRIMINAL LAW—*section 1 of act of 1925, prohibiting carrying of certain weapons, does not include fire-arms.* Section 1 of the act of 1925, prohibiting the carrying or possession of certain dangerous and deadly weapons therein enumerated, does not include pistols, revolvers or other fire-arms, as they are not "instruments of like character" as those enumerated.

2. SAME—*intent to use dangerous weapon is essential to offense of carrying the same under section 1 of act of 1925.* Under section 1 of the act of 1925, making it unlawful to carry or possess certain dangerous and deadly weapons therein enumerated "with intent to use the same unlawfully against another," the averment of such intent is a substantial requirement in charging the offense.

3. SAME—*what necessary in charging offense defined by statute.* An indictment or information charging an offense defined by statute should be as descriptive of the offense as is the language of the statute and should allege every substantial element of the offense as defined in the statute.

4. STATUTES—*preceding particular enumeration controls construction of general words.* Where general words follow a particular and specific enumeration in a statute the general words must be construed to include only things of the same kind as those indicated by the particular and specific words.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. HOWARD HAYES, Judge, presiding.

NASH & AHERN, for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, and CLARENCE E. NELSON, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiffs in error, Ralph Sheldon, Charles Gordon and William Fox, have severally sued out of this court writs of error to review three judgments of the municipal court of Chicago against them, respectively, and the three cases have been consolidated by order of this court.

On September 4, 1925, there was, upon leave granted, filed in the municipal court of the city of Chicago an information charging that "Ralph Sheldon on the third day of September, 1925, did then and there knowingly and unlawfully have in his possession on a seat in a certain automobile a certain deadly weapon, to-wit, a loaded revolver, and was not then and there legally authorized so to do, in violation of section 1, Senate Bill 348, in effect July 1, 1925." Upon the same day two other informations were filed in said court, one against plaintiff in error Charles Gordon and the other against plaintiff in error William Fox, each containing the identical allegations contained in the information against Sheldon. On the 11th of September, 1925, prior to a trial, there was filed in each of said causes a petition to suppress as evidence certain revolvers alleged to have been illegally seized without a search warrant by certain police officers of the city of Chicago while said revolvers were in a package, completely covered and securely wrapped, on the floor in the rear of an automobile, which was the property of Sheldon, while standing upon one of the public streets of the city of Chicago. The petition was denied in each case. Upon a trial before the court, a jury having been waived, plaintiffs in error were each found guilty and sentenced to confinement at labor in the house of correction for a term of thirty days and to pay a fine of $100 and costs of suit.

The legislature at its 1925 session passed a law, section 1 of which provides: "It shall be unlawful for any person to carry or possess or sell, loan or give to any person, any blackjack, slung-shot, sand-club, sand-bag, metal knuckles,

bludgeon, or to carry or possess, with intent to use the same unlawfully against another, a dagger, dirk, billy, dangerous knife, razor, stiletto or any other dangerous or deadly weapon or instrument of like character." Section 4 provides: "No person shall carry concealed on or about his person a pistol, revolver or other fire-arm. This provision does not apply, however, to the following officers while engaged in the discharge of their official duties: Sheriffs, coroners, constables, policemen or other duly constituted peace officers, and wardens, superintendents and keepers of prisons, penitentiaries, jails and other institutions for the detention of persons accused or convicted of crime; nor to the following employees or agents while engaged in the discharge of the duties of their employment: conductors, baggagemen, messengers, drivers, watchmen, special agents and policemen employed by railroads or express companies; nor to persons lawfully summoned by an officer to assist in making arrests or preserving the peace while so engaged in assisting such officer." It is contended by plaintiffs in error that this act is unconstitutional in that it is class legislation and a denial of the equal protection of the laws and of due process, in contravention of the bill of rights of the constitution of Illinois of 1870, and in that it is a grant of special and exclusive immunities and privileges to a particular portion of a general class, in violation of section 22 of article 4 of the constitution, in that it exempts employees of railroad and express companies from the operation thereof and confers upon said employees special privileges and immunities, and that it is likewise in contravention of the guaranty of equal protection of the laws of the fourteenth amendment to the constitution of the United States; that the court erred in admitting in evidence evidence obtained by an unlawful search and seizure; that the information, in charging the violation of "section 1, Senate Bill 348, in effect July 1, 1925," fails to describe the statute of Illinois in effect on July 1, 1925; that there

is no evidence to sustain the judgments and that the informations fail to state an offense.

In the view which we take of the case it is not necessary to pass upon, and we do not pass upon, any of the assignments of error other than the last mentioned.

From an inspection of the informations it is evident that they were attempted to be drawn under section 1 of the act of 1925, but neither pistols, revolvers nor any other fire-arms are mentioned in that section, and while section 1 does make it unlawful for any person "to carry or possess, with intent to use the same unlawfully against another, a dagger, dirk, billy, dangerous knife, razor, stiletto, or any other dangerous or deadly weapon or instrument of like character," the words "other dangerous or deadly weapon or instrument of like character," under the doctrine of *ejusdem generis* could not be held to apply to pistols, revolvers or other fire-arms. It is a well settled rule of construction that where general words follow particular and specific words in a statute the general words must be construed to include only things of the same kind as those indicated by the particular and specific words. (*Shirk* v. *People,* 121 Ill. 61; *Ambler* v. *Whipple,* 139 id. 311; *Cecil* v. *Green,* 161 id. 265; *Gundling* v. *City of Chicago,* 176 id. 340; *People* v. *Melville,* 265 id. 176.) Neither is there any allegation in the information that the defendants carried or possessed the revolvers with intent to use the same unlawfully against another, which is a substantial requirement of that part of section 1.

In the arguments and briefs both of plaintiffs in error and defendant in error this case is argued as if the informations had been filed in an attempt to charge a violation of section 4 of the act, which provides that "no person shall carry concealed on or about his person a pistol, revolver or other fire-arm." There is no allegation in the informations that the revolvers were concealed, or that they were concealed on or about the persons of the plaintiffs in

error, the allegation being that the defendants had in their possession, on a seat in a certain automobile, a certain deadly weapon, to-wit, a loaded revolver. An indictment or information charging an offense defined by statute should be as descriptive of the offense as is the language of the statute and should allege every substantial element of the offense as defined by the statute. *People* v. *Martin,* 314 Ill. 110; *Cannady* v. *People,* 17 id. 158; *People* v. *Barnes,* 314 id. 140; *Sokel* v. *People,* 212 id. 238.

The informations in this case failed to charge a criminal offense. The judgments of the municipal court are reversed.                                        *Judgments reversed.*