## The People of the State of Illinois, Defendant in Error, v. Sam O'Brien, Plaintiff in Error.

### Gen. No. 32,886.

Heard in the third division of this court for the first district at the October term, 1928. Opinion filed January 30, 1929.

Louis Greenberg and Frank G. Marshall, for plaintiff in error.

Robert E. Crowe, State's Attorney, for defendant in error; Edward E. Wilson, Assistant State's Attorney, of counsel.

Mr. Justice Ryner delivered the opinion of the court.

The defendant was convicted in the county court of Cook county upon an information charging that in the City of Chicago, on a certain date, he "did unlawfully aid and abet a certain person, to-wit, Frank Perkins, not legally qualified to vote at a primary election, in attempting to vote at a primary election, contrary to

the form of the statute,'' etc. and was sentenced to one year's imprisonment in the county jail. He has sued out this writ of error and says that the information wholly fails to charge any offense.

On behalf of the State it is contended that the information is sufficient because it is substantially in the language of the statute and reference is made to Cahill's St. ch. 46, ¶ 96; section 84, chaper 46, Smith-Hurd Statutes. The principle of law stated is sound but we cannot agree with the conclusion that the information states in substance the language of the statute. Neither can we agree that the provision of the statute referred to has any application, except whatever aid may be derived from it in construing the statute which does control. The reference is to the Election Act of 1872 relating to elections, as distinguished from primary elections, and, even as to elections, it is not applicable to the City of Chicago. The Act of 1885 governs the conduct of elections in Chicago.

The statute under which the primary election, referred to in the information, was held, is an act of the General Assembly of this State entitled, ''An act to provide for the making of nominations by, and the organization of political parties. Approved July 6, 1927.'' Section 65 of this act, Cahill's St. ch. 46, ¶ 460(65), reads as follows:

''(1) Whoever unlawfully votes more than once at any primary or offers to vote after having once voted at such primary, or knowing that he is not a qualified elector at a primary, wilfully votes at such primary, shall, on conviction thereof, be fined in a sum not exceeding one thousand (1,000) dollars, or imprisoned in the county jail not exceeding one (1) year, or both in the discretion of the court.

''(2) Whoever wilfully aids or abets any one not legally qualified to vote at a primary in voting or attempting to vote at such primary, or,

"(3) By unlawful means prevents or attempts to prevent any primary elector from attending or voting at a primary; or,

"(4) Gives or offers to give any valuable thing or bribe to any judge or clerk of a primary, as a consideration of some act to be done or omitted to be done contrary to his official duty in relation to such primary, shall, on conviction thereof, be fined in a sum not exceeding one thousand (1,000) dollars, or imprisoned in the county jail not exceeding one (1) year, or both, in the discretion of the court; any judge or clerk who shall receive, request or demand any bribe or reward, forbidden by this Act shall, on conviction, be liable to the same penalties as prescribed in this Act for giving or offering to give such bribe or reward."

It will be seen that the information charges the defendant with having "unlawfully" aided and abetted a certain person in an attempt to illegally vote at a primary election. The statute says that such aiding or abetting constitutes an offense only when it is "wilfully" done. The question then arises whether the omission of the word "wilfully" in the information is fatal.

It has been held that where a word, such as "knowingly," is used in a statute as part of the description of the offense, the word must be used in any information based upon such statute. *People v. Tait,* 261 Ill. 197. An information charging the obtaining of property by false pretenses which omits the statutory words, "with intent to cheat and defraud," is fatally defective. This was held to be so because the words omitted were used in the statute to describe an essential element of the crime. *People v. Cohen,* 147 Ill. App. 393. In the case of *State v. Langston,* 45 La. Ann. 1182, it was held that the word "wilfully" has a significance, and where used in the statute as descriptive of the offence denounced, its employment in the in-

dictment is essential. In the case of *Peterson v. Pusey,* 237 Ill. 204, the Supreme Court of this State held that the word "wilful," when used in connection with a violation of the law, means that the act constituting the violation was done knowingly and deliberately.

The facts are not before us because there is no bill of exceptions in the record. But to test the significance of the word "wilful" as descriptive of part of the offense, let us assume that defendant was reliably informed that the person whom he aided in the attempt to vote illegally was a duly qualified voter. Can it be said that his act, under such circumstances, was done wilfully or knowingly? We think not. Certainly it cannot be said that he aided the voter in question knowing that he was not qualified to vote if he had reasonable grounds to believe the contrary. The information is fatally defective unless the defect is cured by the use of the word "unlawfully."

The word "unlawfully" when used in an information or an indictment is a mere legal conclusion of the pleader, unless the word is used in the statute to describe one of the elements of the offense. It has no more efficacy than the concluding words of the pleading that the acts complained of were done contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Illinois. If the facts set out in the information do not show that an offense has been committed the word "unlawfully" adds nothing and apprises the defendant of nothing except that in some manner he has unlawfully done certain acts, not, in themselves, constituting a violation of any law.

In the case of *People v. Martin,* 314 Ill. 110, the court, in considering the sufficiency of an information under the Prohibition Act, Cahill's St. ch. 43, said:

"The use of the word 'unlawfully' in connection with the allegation of possession does not have any ef-

fect, inasmuch as the use of this word represents merely the conclusion of the pleader and does not state any fact from which the inference of unlawfulness would arise." See also *People v. Minto,* 318 Ill. 293, and *United States v. Horton,* 282 Fed. 731.

There are numerous authorities in other jurisdictions to the same effect.

In *State v. Concord Railroad,* 59 N. H. 85, the court said:

"The word 'unlawfully,' which is not used in describing the offence in the indictment, is not found in the statute description of the offence. When the word is not made a part of the statute description of the offence, if used in criminal pleading, the word asserts only a conclusion of law; and if the conclusion arises out of the facts set forth, its express averment is unnecessary; if not, its omission leaves the indictment insufficient. If the language of the indictment describes acts in themselves unlawful, it adds nothing to their unlawfulness to say they were 'unlawfully' done."

In *State v. Hussey,* 60 Me. 410, the language of the opinion on this point is:

"Unlawfully doing a thing is not synonymous with wilfully doing it. A man may do many things wilfully, which are not unlawful, and he may do things unlawfully which are not wilfully done."

Likewise in *State v. Massey,* 97 N. C. 465, it was said:

"No offense is charged under the statute before it was amended, because the indictment charges the offense to have been committed subsequent to that time. None is sufficiently charged under the statute as amended, because the offense is not charged to have been done 'wantonly and wilfully,' and these words are not supplied in substance by the words 'unlawfully and maliciously,' which are employed in the indictment. The term 'unlawfully' implies that an act is done or

not done as the law allows or requires; but the term 'wantonly' implies turpitude; that the act done is of wilful, wicked purpose. The term 'wilfully' implies that the act is done knowingly, and of stubborn purpose, but not of motive.''

In *State v. Robinson,* 104 La. 224, the court said:

''The words 'unlawfully' and 'feloniously,' used in this court, were not necessary, and neither takes the place of 'willfully,' employed in the statute. Neither has the same meaning and import as 'willfully'; neither is the equivalent of 'willfully.' ''

Counsel for the State finally urge that the sufficiency of the information cannot be questioned here because, in the trial court, the defendant made no motion to quash but went to trial without objection and asked for no bill of particulars. This is not the law. *People v. Minto,* 318 Ill. 293. There the court said:

''An indictment or information charging a crime is a necessary preliminary to a conviction by the court for that crime. No waiver or consent by defendant to a criminal prosecution can confer jurisdiction or authorize his conviction in the absence of an accusation charging him with a violation of the criminal law. (*People v. Pilewski,* 295 Ill. 58.) A verdict of guilty is of no more force than a plea of guilty, and neither establishes guilt if the indictment or information charges no criminal offense, but in either case the defendant may question the indictment or information by a motion in arrest of judgment or on writ of error. (*Klawanski v. People,* 218 Ill. 481; *People v. Wallace,* 316 id. 120.)''

In the case of *People v. Sheldon,* 322 Ill. 70, the court expounded the rule applicable in testing the sufficiency of an information or indictment charging a statutory offense, saying:

''An indictment or information charging an offense defined by statute should be as descriptive of the offense as is the language of the statute and should al-

lege every substantial element of the offense as defined by the statute. *People v. Martin,* 314 Ill. 110; *Cannady v. People,* 17 id. 158; *People v. Barnes,* 314 id. 140; *Sokel v. People,* 212 id. 238."

The information in question, put to this test, falls short of charging the defendant with any offense known to the law.

For the foregoing reasons, the judgment of the county court of Cook county is reversed.

*Reversed.*

HOLDOM, P. J., and WILSON, J., concur.