(No. 24411.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE T. GREEN, Plaintiff in Error.

*Opinion filed February 17, 1938.*

STONE and WILSON, JJ., dissenting.

JOSEPH H. BRAUN, and ODE L. RANKIN, (JOSEPH P. BRODIE, LEROY O. NORBY, and HUGH NEILL JOHNSON, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and BLAIR L. VARNES, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

The defendant, George T. Green, in the municipal court of Chicago, was found guilty of reckless driving under section 48 of the Uniform Traffic act, regulating traffic on highways. He was sentenced to pay a fine and prosecutes this writ of error on the contention that the statute under which he was convicted is unconstitutional, it being claimed that both the act, and the information drawn under it, are so vague, uncertain and indefinite in their statement and definition of a crime as to violate article 3 and sections 2, 9, 10 and 14 of article 2 of the constitution of Illinois. The facts are not in dispute and it will be unnecessary to consider them.

The section in question provides: "Any person who drives any vehicle with a wilful or wanton disregard for the safety of persons or property is guilty of reckless driving." (State Bar Stat. 1935, chap. 121, par. 323, sec. 48, p. 2792.) The act, in section 2, is not limited to automobiles, but includes any device upon or by which any person or property is or may be transported or drawn upon a highway, except devices moved by human power or used exclusively upon stationary rails or tracks. It also includes private roads and driveways used for travel by the owner and those having express or implied permission from the owner.

The information which is questioned is in the words of the statute and alleges that the defendant did, "drive a vehicle upon a public highway of this State situated within

the limits of the city of Chicago * * * with a wilful and wanton disregard for the safety of persons or property," etc. The defendant states that his outstanding objection is that the statute is so general in its provisions that it covers every conceivable operation and movement of all vehicles upon the highways or private ways with no one fixed fact or standard either for the driver, the jury, or the judge who may have to pass upon the matter in a judicial investigation. His brief, under three points, suggests that the act is wanting in due process; that whether an act is wilful and wanton depends on the particular facts of each case and that the information violates section 9 of article 2 of the constitution in that it does not advise the accused of the nature and cause of the accusation.

It will be seen that the questions presented require an independent consideration of the constitutionality of the law under which the information is filed, and, secondarily, a consideration of the sufficiency of the information itself. On the first point the defendant presents general language from many cases stating the well recognized rule that laws creating crime ought to be so explicit that all men subject to their penalties may know what acts it is their duty to avoid. The rule is thus stated in *Connolly* v. *General Construction Co.* 269 U. S. 385: "The terms of a penal statute creating a new offense must be sufficient to inform those who are subject to it what conduct on their part will render them liable to its penalties." In that case the question before the court was the validity of a statute of Oklahoma which created an eight-hour day for all persons employed by or on behalf of the State and provided, further, that not less than the current rate of *per diem* wages in the locality where the work was to be performed should be paid to laborers by contractors in the execution of State contracts. A penalty was provided for its violation. The United States Supreme Court said: "The result is that the application of the law depends, not upon a word of fixed

meaning in itself, or one made definite by statutory or judicial definition, or by the context or other legitimate aid to its construction, but upon the probably varying impressions of juries as to whether given areas are or are not to be included in particular localities. The constitutional guarantee of due process cannot be allowed to rest upon a support so equivocal." Many other cases illustrating the same rule are cited and it is argued from them that the law we are considering must be held void as a denial of due process.

Our attention is also called to certain language in our own opinion deciding the case of *People* v. *Beak,* 291 Ill. 449. In that case we were considering the validity of that section of the former Motor Vehicle act which provided that no person should drive a motor vehicle at a greater speed than reasonable and proper, having regard to the traffic and the use of the way, or so as to endanger the life or limb or injure the property of any person. It further provided that certain speeds therein set forth should be *prima facie* evidence that the speed was greater than reasonable if it occurred in certain localities. The *prima facie* rate of reasonableness was limited to ten miles per hour through closely built-up business portions of a city, fifteen miles per hour in the residence district, twenty miles per hour outside the closely built-up residence district, and twenty-five miles per hour on any highway outside the limits of any incorporated city or village. The constitutionality of the act was sustained and in the opinion we used the following language: "There can be no question that counsel for plaintiff in error is right in arguing that in creating an offense by a statute which was not a crime at common law such statute must be sufficiently certain to show what the legislature intended to prohibit and punish, otherwise it will be void for uncertainty. (16 Corpus Juris, 67.) If the law is of such doubtful construction and describes the act denominated as a crime in terms so gen-

eral and indeterminate as to make the question of criminality dependent upon the opinions of the individuals who may happen to constitute the court and jury, and of such a nature that honest and intelligent men are unable to ascertain what particular act is condemned by the State, the law is incapable of enforcement and will be held to be null and void. (*Hayes* v. *State,* 11 Ga. App. 371.) The dividing line between what is lawful and what is unlawful cannot be left to conjecture. (*United States* v. *Capital Traction Co.* 19 Ann. Cas. 68.) This law, however, the constitutionality of which is questioned, does not leave to conjecture when the statute is violated. If the only provision of section 10 were its first sentence there might be some merit in the argument of counsel that the construction of the statute is subject to conjecture. The section further provides the exact speed, which if exceeded in various classifications of localities shall be *prima facie* evidence of a violation of the law, and the evidence of plaintiff in error himself clearly indicates that he was violating the provisions of the statute as to the speed at which he was traveling at and just before the time he was arrested by the officer. Plaintiff in error not being aggrieved by the parts of the act which his counsel argues are void, cannot be heard to complain of the provisions which are not so indefinite as to be subject to criticism. (*Public Utilities Com.* v. *Chicago and West Towns Railway Co.* 275 Ill. 555.) It appears from the evidence that the place where plaintiff in error was driving when arrested was in a closely built-up residence district of the kind in which the statute clearly provides the speed should not be over fifteen miles per hour. He himself admits that he was traveling twenty-five miles per hour, while the evidence in behalf of the State was that he was traveling thirty-five miles. The statute is sufficiently clear on the actual questions involved to inform anyone what the legislature intended to prohibit and punish. The fact that drivers of certain other automobiles were going faster

than fifteen miles per hour without being arrested would not justify plaintiff in error in traveling at the rate of twenty-five miles per hour. The statute is not invalid for the reasons urged."

The defendant also presents other cases from Georgia and West Virginia where acts very similar to the one under consideration were held to be void, and he also quotes isolated sentences, without reference to the facts involved, from various other opinions, all merely cumulative in support of the rule above quoted from the United States Supreme Court. On the other hand, the Supreme Courts of Ohio and Wisconsin have sustained statutes of the same kind. In the Ohio case, the statute prohibited operation of a motor vehicle at a speed greater than reasonable and proper, having regard for the width, traffic, use and the general and usual rules of the way, or so as to endanger the property, life or limb of any person, and this provision was sustained. (*State* v. *Schaeffer,* 117 N. E. 220.) The opinion of the Supreme Court of Ohio indicates that the same contentions were made in that court as are urged here. In the Wisconsin case of *Mulkern* v. *State,* 187 N. W. 190, the statute was substantially identical with that in the Ohio case and the conviction for its violation was upheld. The court said: "If the fact that one jury might decide a case one way and another jury a different way upon the same state of facts rendered laws void for uncertainty, then we would have to discard not only many rules of civil law but also many criminal laws. In nearly every criminal act an intent to commit it must be found in order to warrant a conviction. Not only may such intent be found upon circumstantial evidence, but the direct evidence may well give rise to a situation where one jury will find the intent and another fail to find it. So, too, in many cases where guilty knowledge is required to be found, as in receiving stolen goods or in running a house of ill-fame, juries may come to different conclusions upon the same state of facts. Even in

murder of the second degree the definition of the crime is no more specific and certain than is that of the offense in the statute under consideration. It provides that the killing of a human being without intent to kill 'when perpetrated by any act imminently dangerous to others and evincing a depraved mind, regardless of human life,' shall be murder in the second degree. What is an act imminently dangerous to others, and what evinces a depraved mind regardless of human life, is as much a matter of judgment as is such reckless driving as will, under the circumstances, endanger the property, life or limb of any person. Thus by section 4363 Stats. 1921, the involuntary killing of a human being by the culpable negligence of another is made manslaughter in the fourth degree. Juries may well differ as to what constitutes culpable negligence, yet a conviction thereunder is valid. Likewise in the law of negligence what constitutes a lack of ordinary care is a matter of judgment the result of which is often followed by consequences far graver than is a violation of the statute in question."

Much light is thrown on this subject, and we think decisive reasoning is applied to it, by the opinions of the United States Supreme Court in connection with the Anti-Trust law. Section 1 of that act, (U. S. C. A. title 15, sec. 1,) provides: "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal. Every person who shall make any such contract or engage in any such combination or conspiracy, shall be deemed guilty of a misdemeanor," etc. In construing this act the Supreme Court of the United States applied what it called the "Rule of Reason," holding that it was not a denial of all restraint of trade but of only unreasonable restraint. See *Standard Oil case,* 221 U. S. 1, and *Tobacco Trust case,* id. 107.

In a later case involving the same act, *Nash* v. *United States,* 229 U. S. 373, a definite assault was made upon

the constitutionality of the act on the ground that it was too vague and indefinite to define a crime. In the opinion in that case the late Mr. Justice Holmes completely answers the arguments presented there in the following language: "And thereupon it is said that the crime thus defined by the statute contains in its definition an element of degree as to which estimates may differ, with the result that a man might find himself in prison because his honest judgment did not anticipate that of a jury of less competent men. The kindred proposition that 'the criminality of an act cannot depend upon whether a jury may think it reasonable or unreasonable. There must be some definiteness and certainty,' is cited from the late Mr. Justice Brewer, sitting in the circuit court. (*Tozer* v. *United States,* 4 Inters. Com. Rep. 245, 52 Fed. 917, 919.) But, apart from the common law as to the restraint of trade thus taken up by the statute, the law is full of instances where a man's fate depends on his estimating rightly, that is, as the jury subsequently estimates it, some matter of degree. If his judgment is wrong, not only may he incur a fine or a short imprisonment, as here; he may incur the penalty of death. 'An act causing death may be murder, manslaughter, or misadventure, according to the degree of danger attending it' by common experience in the circumstances known to the actor. 'The very meaning of the fiction of implied malice in such cases at common law was, that a man might have to answer with his life for consequences which he neither intended nor foresaw.' (*Com.* v. *Pierce,* 138 Mass. 165, 178, 52 Am. Rep. 264, 5 Am. Crim. Rep. 391; *Com.* v. *Chance,* 174 Mass. 245, 252, 75 Am. St. Rep. 306, 54 N. E. 551.) 'The criterion in such cases is to examine whether common social duty would, under the circumstances, have suggested a more circumspect conduct.' (1 East, P. C. 262.) If a man should kill another by driving an automobile furiously into a crowd, he might be convicted of murder, however little he expected the result. See *Reg.* v. *Desmond,*

and other illustrations in Stephen's Dig. Crim. Law, art. 223, 1st ed. p. 146. If he did no more than drive negligently through a street, he might get off with manslaughter or less. (*Reg.* v. *Swindall*, 2 Carr. & K. 230, 2 Cox, C. C. 141; *Rex* v. *Burton*, 1 Strange, 481.) And in the last case he might be held although he himself thought that he was acting as a prudent man should."

We find it necessary to depart from some of the language used in *People* v. *Beak, supra*, and in so far as what we said in that case is inconsistent with our present holding, it is not adhered to. We think the true rule is that if the legislature uses words having a common law meaning or a meaning made definite by statutory definition or previous judicial construction, it may strike directly at the evil intended to be curbed, leaving it to the pleader to state facts bringing the case within the statutory definition and to the judicial department of government to interpret the application of the act to the facts stated. That portion of the Uniform Traffic act which is here assailed, is a valid exercise of the police power and does not violate any constitutional guarantees presented in this case.

On defendant's second point under which he questions the sufficiency of the information, it is argued by the People that this matter is not saved for review because, they say, there was no motion to quash. The record does show a motion to quash but it is doubtful if it was made in apt time and we will, therefore, direct our first inquiry as to whether or not the point is saved by the motion in arrest of judgment. On this point we will consider only whether or not the information is so defective as to be totally void.

It is a rule, even in civil pleading, that if a complaint fails to state a cause of action the defect may be reached and the question raised on writ of error, even if there has never been any demurrer, motion for a new trial or motion in arrest of judgment. (*Oulvey* v. *Converse*, 326 Ill. 226; *Chicago and Eastern Illinois Railroad Co.* v. *Hines*,

132 id. 161.) The same rule applies to criminal pleading, and if an indictment is void the error may be reached in this court even though there has been a plea of guilty in the trial court. (*Klawanski* v. *People,* 218 Ill. 481.) In such case it is error to overrule a motion in arrest of judgment and, on review, the proper order is one of reversal without remanding. (*People* v. *Martin,* 314 Ill. 110; *People* v. *Barnes,* id. 140.) In the case of *People* v. *Minto,* 318 Ill. 293, which was decided shortly after the *Barnes case, supra,* it appears that the question of the sufficiency of the information was not raised in the Appellate Court nor in this court until the filing of a reply brief pointing out that, under the *Barnes case,* the information was insufficient. We there held that the judgment would be reversed even though the matter had never been called to the attention of this court until the filing of the reply brief. In the later case of *People* v. *Wallace,* 316 Ill. 120, the indictment was insufficient and it was again held that the point was good, even though raised for the first time in the reply brief.

In *People* v. *Schneider,* 334 Ill. 630, the defendant pleaded guilty to an indictment purporting to charge forgery but which was defective in failing to allege an essential element of the crime. He thereafter moved to withdraw the plea and file a motion to quash, which motion was overruled. He then made a motion in arrest of judgment which was overruled. In disposing of the case we adhered to the rules previously stated and reversed the judgment without remanding the cause. In the recent case of *People* v. *Powell,* 353 Ill. 582, there was no motion to quash, but we again held that the sufficiency of the indictment might be tested on motion in arrest of judgment. We hold that the question argued is properly saved for review by the motion in arrest of judgment.

It is argued that the information in this case is sufficient because it is in the words of the statute. The words of the statute are, "any person who drives any vehicle with

a wilful or wanton disregard for the safety of persons or property is guilty of reckless driving." The words of the information are that the defendant "did then and there drive a vehicle upon a public highway of this State situated within the corporate limits of the city of Chicago aforesaid, with a wilful and wanton disregard for the safety of persons or property, contrary to the form of the statute," etc. Except that the offense is charged to have been committed on February 9, 1937, no facts of any kind are alleged. It will thus be seen that if an information in the words of the statute without specific allegations of fact, is in all cases sufficient, and if there are no exceptions to that supposed rule, this information is good.

We find, however, that the rule is not as stated, and that the exception to it is as well settled as the asserted rule. This exception has been frequently stated and always adhered to by the Supreme Court of the United States. Thus, in *United States* v. *Carll,* 15 Otto 611, Mr. Justice Gray said: "In an indictment upon a statute it is not sufficient to set forth the offense in the words of the statute, unless those words of themselves fully, directly and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." The same rule is laid down and adhered to in *United States* v. *Cook,* 17 Wall 168, *United States* v. *Cruikshank,* 92 U. S. 542, *United States* v. *Simmons,* 96 id. 360, *Evans* v. *United States,* 153 id. 584. In the last case the court said: "Even in cases of misdemeanor, the indictment must be free from all ambiguity and leave no doubt in the minds of the accused and the court of the exact offense intended to be charged, not only that the former may know what he is called upon to meet, but that upon a plea of former acquittal or conviction the record may show with accuracy the exact offense to which the plea relates.— *United States* v. *Simmons,* 96 U. S. 360; *United States* v. *Hess,* 124 id. 483, 8 Sup. Ct. 571; *Pettibone* v. *United*

*States,* 148 id. 197, 13 Sup. Ct. 542; *In re Greene,* 52 Fed. 104."

This rule has long been adhered to in Illinois. Thus in *Johnson* v. *People,* 113 Ill. 99, we said: "No principle of criminal pleading is better settled than that an indictment for a mere statutory offence must be framed upon the statute, and that this fact must distinctly appear upon the face of the indictment itself. That it shall so appear, the pleader must either charge the offense in the language of the act, or specifically set forth the facts constituting the same. It sometimes happens, however, that the language of a statute creating a new offence does not describe the act or acts constituting such offence. In that case the pleader is bound to set them forth specifically. This elementary rule is laid down in all standard works on criminal law, and is fully recognized by this court.—1 Wharton on Crim. Law, secs. 164, 372; *Kibs* v. *People,* 81 Ill. 599."

In *Brown* v. *People,* 336 Ill. 257, the information was in the language of section 2 of the Medical Practice act and defendant was charged with practicing a system or method of treating human ailments without the use of drugs or medicine and without operative surgery, without a valid existing license so to do. This information was held to be insufficient and in so holding, we used substantially the same language as in *Johnson* v. *People, supra,* citing many cases and, in addition thereto, citing the rule as laid down in Wharton's Criminal Pleading & Practice, as follows: "On the general principles of common law pleading it may be said that it is sufficient to frame the indictment in the words of the statute in all cases where the statute so far individuates the offense that the offender has proper notice, from the mere adoption of the statutory terms, what the offense he is to be tried for really is, but in no other case is it sufficient to follow the words of the statute. It is no more allowable, under a statutory charge, to put the defendant upon trial without specification of the offense than it would be under

a common law charge." In that opinion we pointed out that the section of the Medical Practice act under consideration did not state what act or acts might be regarded as constituting the practice of a system or method of treating human ailments; that as to what constitutes such practice, courts and juries would often differ and that perhaps no two persons would ever entirely agree. We said, "an information or indictment in which such acts are specifically averred would be a sufficient charge of the violation of the section, but without such averment there is no sufficient statement of the nature and cause of the accusation."

The case is exactly parallel to the one we are considering. The defendant claimed the benefit and protection of section 9 of article 2 of the constitution, entitling him to know the nature and cause of the offense laid to his charge, and his right to demand this benefit of the bill of rights is no empty technicality, but a substantial provision that may not be ignored. In this case, as in the *Brown case,* the section under consideration does not state what act or acts shall constitute the driving of a vehicle with wilful or wanton disregard for the safety of persons or property. In this case, as in the *Brown case,* courts and juries would often differ as to what acts would amount to such wilful and wanton conduct. In this case, as in that one, an information in which such acts are specifically averred would be a sufficient charge of the violation of the section, but without such averment there is no such statement of the nature and cause of the accusation as the bill of rights requires.

The information in the present case did not allege a single fact and there was nothing in it from which the defendant could tell definitely, or even guess, what acts he may have been charged with. It might have been driving while intoxicated, or running through a stop-light, or driving at an excessive speed or without brakes, lights or horn; he may have been driving on the wrong side of the road or on the sidewalk, or without keeping proper lookout for

children, or any one of dozens of things which might constitute wilful and wanton disregard for the safety of persons or property. Neither does it specify where the offense took place, as it might have been on any street or highway in the whole of Chicago, and it might have taken place on any date within eighteen months prior to the filing of the information. All that appears in this information is that in the opinion of the person who wrote it and the person who signed it, the defendant had been guilty of driving a vehicle with wilful and wanton disregard for the safety of persons or property. It thus fails to meet either of the two basic requirements of an information. It does not give defendant enough information to prepare his defense and it is not sufficiently definite to be of any value as a bar to further prosecution.

We hold that the section of the statute which is assailed is a valid enactment, but that the information based thereon is insufficient and void. The court erred in overruling the motion in arrest of judgment and for that reason the judgment will be reversed.

*Judgment reversed.*

Mr. JUSTICE STONE, dissenting:

I do not concur in the holding of the majority opinion that the information is void. To be so, it is conceded that the information must be one which does not charge a crime. The information in this case is in the words of the statute, which the majority opinion concedes is a valid act,—*i. e.,* as one charging a crime.

The act defines reckless driving and defines the elements deemed by the General Assembly to be essential to constitute the crime. This it seems to me the act clearly does. It must follow that an information in the words of that act sufficiently defines the crime charged. This being so, *United States* v. *Carll,* 15 Otto, 611, cited and quoted from in the majority opinion, cannot, it seems to me, be considered authority for the proposition to which it is cited. The language of that opinion shows that when the words of the statute

"fully, directly and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished," an indictment or information in the words of such act is not void. This it seems to me is true here.

There was no motion to quash or for bill of particulars and thus, under unanimous authority, so far as I can find, an information not void is not subject to attack on motion in arrest of judgment or writ of error.

Mr. Justice Wilson concurs in this dissent.