People of the State of Illinois, Appellant, v. James Crosson, Appellee.

Gen. No. 48,130–48,131.

First District, Third Division.
March 29, 1961.

Benjamin S. Adamowski, State's Attorney, of Cook county (Francis X. Riley and James R. Thompson, Assistant State's Attorneys, of counsel) for plaintiff in error.

Aaron H. Payne and McCoy, Ming & Leighton, of Chicago (William R. Ming, Jr., of counsel) for defendant in error.

MR. JUSTICE McCORMICK delivered the opinion of the court.

Two indictments against James Crosson were filed on January 27, 1960. Except for the differences in the Municipal Court cases referred to therein the indictments are the same. The Criminal Court entered orders quashing both indictments and discharged the defendant Crosson. The People have taken appeals from those orders, which appeals have been consolidated in this court for hearing.

The insufficiency of only one indictment has been argued before us. This opinion will deal with that indictment but the decision here reached will be applied to both. That indictment, after setting out the formal allegations, stated that James Crosson had prior to March 6, 1959 been appointed a referee of the Municipal Court of Chicago in accordance with the statute. The indictment further states that the defendant, as a referee of the Municipal Court of Chicago, had the duty to perform all duties prescribed by

law for that office, and as a part of his duties he had the power to administer oaths and affirmations and to make reports and recommendations. The indictment further states: "The Grand Jurors aforesaid, upon their oaths aforesaid, further present that on the Sixth day of March in the year of our Lord one thousand nine hundred and fifty-nine there was pending in the Municipal Court of Chicago a quasi-criminal case Number D 4535168, which quasi-criminal case was referred to James Crosson as Referee of the Municipal Court in the City of Chicago, County of Cook, State of Illinois aforesaid, for finding and recommendation, *and that penalty prescribed for a finding of guilty was a fine of Ten ($10.00) Dollars, that the defendant named in such complaint did pay to a deputy clerk of said Municipal Court, the sum of Ten ($10.00) Dollars, to be paid for fine prescribed by law in such cases made and provided.*" (Italics added.) The next paragraph of the indictment further states that the said criminal case "having been referred to said James Crosson, referee in and for said Municipal Court of Chicago, for hearing on such complaint and for finding and recommendation, said James Crosson as referee in said Municipal Court of Chicago having jurisdiction of the subject matter thereof unlawfully, wilfully and intentionally was guilty of wilful and corrupt malfeasance and partiality as such referee of the Municipal Court of Chicago, in that he, said James Crosson, in said County of Cook, State of Illinois aforesaid, wilfully, intentionally, and corruptly entered an order on the files of said quasi-criminal case Number D 4535168, of leave to file denied or commonly known as L. F. D. and thus discharging the defendant in said complaint, and that he did further wilfully, intentionally, and corruptly enter said order without examination of the complainant or an examination of the complaint and without a hearing contrary to

Statute and against the peace and dignity of the same People of the State of Illinois."

■ ■ It is elementary law that a criminal indictment must allege that the defendant committed a crime, just as valid pleadings in civil cases must state a cause of action. 21 I. L. P. Indictments and Informations, sec. 2. In an indictment for a statutory offense, it must be framed upon the statute and this fact must definitely appear on the face of the indictment itself, and as was said in People v. Green, 368 Ill. 242, 253, 13 N.E.2d 278, 283, quoting from Johnson v. People, 113 Ill. 99: " 'That it shall so appear, the pleader must either charge the offense in the language of the act, or specifically set forth the facts constituting the same. It sometimes happens, however, that the language of a statute creating a new offence does not describe the act or acts constituting such offence. In that case the pleader is bound to set them forth specifically. This elementary rule is laid down in all standard works on criminal law, and is fully recognized by this court.—1 Wharton on Crim. Law, secs. 164, 372; Kibs v. People, 81 Ill. 599.' "

■ ■ There is no way for this court to tell whether the indictment was laid under paragraph 9–92 of chapter 24 (Cities and Villages Act) or under paragraph 449 of chapter 38 (Criminal Code) of the Illinois Revised Statutes. An indictment need not state specifically the statute violated by the acts alleged to be a crime, and this holds true where there are several statutory provisions under which the charge might fall. 42 C. J. S. Indictments and Informations, sec. 138. Neither of the statutes in question specifically sets out what conduct would constitute malfeasance in office, and under those circumstances some act constituting malfeasance in office in violation of the statute must be averred. People v. Johnson, 392 Ill. 409, 64 N.E.2d 878. The law prescrib-

60

ing the duties of the defendant as a referee of the Municipal Court of Chicago is paragraph 363 of chapter 37 (Courts) of the Illinois Revised Statutes. It provides that a referee shall have the power to administer oaths and affirmations and "such additional powers and duties as may be provided for by the rules which may be adopted by the judges in civil cases and in such criminal and quasi-criminal cases under state laws and municipal ordinances which may be referred to them by the presiding judges in the various branch courts for hearing, report and recommendation; provided, however, that the judges may approve, modify or reject a report of a referee and shall enter such judgments and orders in said cases as the said judges may deem proper." The rules of the Municipal Court with reference to referees are not materially different from the statute.

■■■  Under the statute the referee was authorized to make recommendations to the judge. In the case here involved he made a recommendation that leave to file the complaint should be denied. In many instances such an order would be a proper order without either examination of the complainant or examination of the complaint. In setting out the indictment we have underlined a portion of it. That portion of the indictment adds nothing to it inasmuch as there is no allegation in the indictment that Crosson had any knowledge that a deputy clerk had accepted $10.00 paid to him by the defendant in the quasi-criminal case involved. On oral argument the People admitted that that portion of the indictment could be treated as surplusage. With it in the indictment Crosson was not charged with a crime. With it eliminated from the indictment there still is no charge of a crime. The use of the word "corruptly" adds nothing to the accusation, and is merely a conclusion of law on the part of the pleader. In People v. O'Brien, 251 Ill. App. 314,

the court said concerning the word "unlawfully," quoting from People v. Martin, 314 Ill. 110, concerning the sufficiency of an information under the Prohibition Act: " 'The use of the word "unlawfully" in connection with the allegation of possession does not have any effect, inasmuch as the use of this word represents merely the conclusion of the pleader and does not state any fact from which the inference of unlawfulness would arise.' " In the same case the court quotes from State v. Concord Railroad, 59 N. H. 85, as follows:

> " 'The word "unlawfully," which is not used in describing the offence in the indictment, is not found in the statute description of the offence. When the word is not made a part of the statute description of the offence, if used in criminal pleading, the word asserts only a conclusion of law; and if the conclusion arises out of the facts set forth, its express averment is unnecessary; if not, its omission leaves the indictment insufficient. If the language of the indictment describes acts in themselves unlawful, it adds nothing to their unlawfulness to say they were "unlawfully" done.' "

The same reasoning would apply to the use of the word "corruptly."

In support of the indictment the People cite Wickersham v. People, 1 Scam. (2 Ill.) 128. In that case a justice of the peace was indicted for malfeasance in office. The indictment charged that he, himself, took up certain estray animals, specifying the number and kind, and corruptly caused them to be appraised before himself as such justice. The statute then in force provided that to authorize an appraisement the party taking up the estray is to make oath of the fact before a justice of the peace who then is-

62

sues his warrant to a constable to summon three appraisers who are to be sworn before a justice faithfully and impartially to value the estray. The court says these are the things which are charged in the indictment by the words "appraised before himself" to have been done corruptly. Under the statute then in force, had the animals been appraised at less than $10.00 and no owner appeared within a year, the title would be vested in the "taker up." Laws of Illinois, 1833, Estrays, sec. 10, p. 272. The court says: "Whether the acts were done ignorantly, or for corrupt purposes, would necessarily depend on the evidence exhibited on the trial, but that such acts would, in a case where the justice was a party interested, be illegal, we can not doubt; and that they would, if done with a corrupt intent, be an act of malfeasance in office, seems equally certain." The court held the indictment good. The People also cite State v. Shahadi, 61 A.2d 301, (N. J.). The defendant in that case was the police recorder of Atlantic City, who was required by virtue of his office to conduct trials of persons charged with violating the provisions of the motor vehicle laws, and in the indictment it was charged that he was guilty of misconduct in the performance of that duty. The indictment set out that one Ehret was arrested and charged with operating a motor vehicle while under the influence of intoxicating liquors; that the names of three police officers were written on a police department memorandum attached to and made a part of the complaint against the said Ehret as names of witnesses who would testify at the hearing; that the complaint was in the possession of the recorder; and that he "well knowing the aforesaid witnesses were police officers and prepared to give testimony relative to the said charges against Ehret . . . nevertheless . . . did unlawfully, wilfully, maliciously and corruptly free and discharge the said Ehret from the charges

63

aforesaid without calling" the said police officers who were then and there available as witnesses to testify in the said proceeding. The allegations clearly set out acts on the part of the recorder which would sustain a charge of misconduct in the performance of his duties. The court held the indictment was valid. The allegations in those cases differ greatly from those before us. Here Crosson was charged with doing an act which he was authorized to do under the terms of the statute. There are no facts stated in the indictment to show that he did anything other than what he was authorized by statute to do, nor is there any allegation that he performed his duties in an illegal manner. The indictment did not set out a criminal offense. In People v. Barnes, 314 Ill. 140, 144, 145 N. E. 391, 393, the court says:

"Where an act is not in itself necessarily unlawful but becomes so by its circumstances, all the matters necessary to show its illegality must be stated in the indictment or information. (14 R. C. L. p. 175.) The charge as alleged must be an offense against the law, and if the facts alleged may all be true and yet constitute no offense the indictment is insufficient. (14 R. C. L. p. 174.) . . .

". . . It is not sufficient to charge an offense in the language of the statute, alone, where by its generality it may embrace acts which it was not the intent of the statute to punish. Such facts must be alleged that, if proved, defendant cannot be innocent. (31 Corpus Juris, p. 713.) The pleader must either charge the offense in the language of the statute or specifically set forth the facts constituting it. But where the statute creating a new offense does not describe the act or acts which compose it, the pleader is required to state

.64

them specifically. (Johnson v. People, 113 Ill. 99.)"

We have taken with the case a motion to transfer the appeals to the Supreme Court of Illinois. The motion was not argued by the People, nor are we able to see any ground whatsoever for making such a transfer. The motion is denied.

It is not necessary to consider any of the other points raised in the case. The judgments of the Criminal Court of Cook County are affirmed.

Affirmed.

SCHWARTZ, P. J. and DEMPSEY, J., concur.