STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ALBERT N. SHAHADI, DEFENDANT-PROSECUTOR.

Argued May 5, 1948—Decided September 10, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the plaintiff-respondent, *Lewis P. Scott* (*David R. Brone,* of counsel).

For the defendant-prosecutor, *Maurice Y. Cole.*

624

The opinion of the court was delivered by

WACHENFELD, J.  The question propounded by this motion to quash is whether two indictments returned by the grand jury against the prosecutor are fatally deficient for failure to charge a crime and for being vague and uncertain and not apprising the defendant of the nature and cause of the accusation made against him.

A comprehensive disposition of these issues requires reference to portions of the instrument to determine its legal efficacy and whether constitutional rights are violated as alleged.  The pertinent questions involved, both factual and legal, are common to both indictments and by stipulation both will be disposed of by the consideration of the one known as the "Ehret" indictment.

The gist of the accusation is that the defendant, being police recorder of Atlantic City and required by virtue of his office to conduct trials of persons charged with violating the provisions of the motor vehicle laws, was guilty of misconduct in the performance of that duty.

The indictment sets forth that one Ehret was arrested and "charged with operating a motor vehicle * * * while under the influence of intoxicating liquors * * *; that the names of three police officers * * * were written on a Police Department memorandum annexed to and made a part of the complaint against the said Ehret, as the names of witnesses who would appear and testify at the hearing to be conducted involving the said Ehret, and the aforesaid complaint together with annexed memorandum was in the possession, custody and control of the said Albert N. Shahadi, he well knowing the aforesaid witnesses were police officers and prepared to give testimony relative to the said charges against the said Ehret; that, nevertheless, * * * in the Recorder's Court of Atlantic City, the said Albert N. Shahadi did unlawfully, wilfully, maliciously and corruptly free and discharge the said Ehret from the charges aforesaid without calling the said Stanford, Shepperson and Allman, then and there available as witnesses to testify in said proceeding * * *."

The basis for the indictment is *R. S.* 2:160–1, which provides:

"Any magistrate or other public officer who shall willfully refuse or neglect to perform, within the time required by law, any duty imposed upon him by law, shall be guilty of a misdemeanor."

In furtherance of the contention that no crime is charged in the indictment, it is argued there is no allegation of jurisdiction by the defendant nor an allegation that the accused Ehret was in fact guilty of the offense charged.

First as to the contention that it does not appear a complaint was made against Ehret, the indictment specifically says Ehret was "charged with operating a motor vehicle while under the influence of intoxicating liquors." This is sufficient, but if any doubt remains it must be resolved in favor of the validity of the indictment as it sets forth that there was a complaint since it refers to the memorandum of the police officers annexed to it. Following this it specifically says: "\* \* \* the aforesaid complaint together with annexed memorandum was in the possession, custody and control of the said Albert N. Shahadi."

The jurisdiction of the defendant, his legal obligations and violations are adequately set forth and specified in the indictment. As to the assertion that the indictment is vague and uncertain, the contrary is true. The facts alleged fully inform the defendant of the charges made against him and identify the occasion so as to enable him to meet the issue and prepare his defense.

The indictment presents with reasonable certainty, as required by law, all the facts necessary to render the offense judicially apparent and it will therefore not be quashed. *State* v. *Larison,* 134 *N. J. L.* 604.

The last point, to wit, that the indictment is invalid on its face because the normal term of the grand jury had expired, has been disposed of in the companion case of *State* v. *Shahadi* (No. 203 of the current term, decided this date), 137 *N. J. L.* 626.

The writ of *certiorari* will be dismissed, with costs.