STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ALBERT N. SHAHADI, DEFENDANT-PROSECUTOR.

Argued May 5, 1948—Decided September 10, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the plaintiff-respondent, *Lewis P. Scott* (*David R. Brone,* of counsel).

For the defendant-prosecutor, *Maurice Y. Cole.*

The opinion of the court was delivered by

WACHENFELD, J.   The defendant was indicted by an Atlantic County grand jury for misconduct in office.   He was the recorder of Atlantic City and the indictment alleged that in certain cases heard by him involving persons charged with operating a motor vehicle under the influence of intoxicating liquor who were found not guilty, he failed to give a report on the facts in each case to the Commissioner of Motor Vehicle as provided for by *R. S.* 39:5–42.   A motion to quash the indictment made before the Atlantic County Court of Quarter Sessions was denied and the case comes before us on a writ of *certiorari* to review that result.

The defendant contends (1) the indictment does not charge the commission of any crime; (2) *R. S.* 39:5–42, requiring the filing of the report, is unconstitutional in that it violates article 3, paragraph 1, of the New Jersey Constitution; (3) the indictment is invalid on its face because it was returned by a grand jury which was not then in existence.

The indictment, after setting forth that the defendant at the times therein mentioned was the recorder of the City of Atlantic City and, amongst other things, was charged with the public duty of impartially conducting the trials of offenders charged with violation of the motor vehicle laws, states:

"That at the times aforesaid, the said Albert N. Shahadi as Recorder was charged with the public duty and enjoined by law to make a report in writing to the Commissioner of Motor Vehicles of New Jersey of all cases heard before him, the said Albert N. Shahadi, for any violation of the Motor Vehicle Act in which a motor vehicle was used in any manner within three days after the disposition of the case before him as a magistrate, upon forms provided by the Commissioner for that purpose, and such duty was enjoined upon the said Albert N. Shahadi irrespective of a finding by the said Albert N. Shahadi that such offender was either innocent or guilty of the offense charged."

It then alleges that there were arraigned before the defendant on charges of operating a motor vehicle under the influence of intoxicating liquor twenty-five different persons specifically set forth in the indictment, giving their full names, addresses and dates upon which their cases were disposed of, and in the next paragraph states that each of such offenders was found not guilty. Paragraph 6 of the indictment says:

"That the said Albert N. Shahadi did wilfully, fail, neglect and omit within three days of the dismissal of each of the persons hereinabove named from the charge theretofore pending against such person, to report the facts in such case in writing to the Commissioner of Motor Vehicles of New Jersey, he, the said Albert N. Shahadi well knowing his duty in such behalf, and that he was enjoined by law to make such written reports."

Paragraph 7 charges:

"That the said Albert N. Shahadi did unlawfully, wilfully, maliciously and corruptly neglect, refuse and omit to perform his public duty as Recorder of the City of Atlantic City * * * in that he did not report the facts in each such case hereinabove mentioned to the Commissioner of Motor Vehicles * * * contrary to the form of the statute in such case made and provided."

R. S. 39:5–42 provides:

"Every judge or magistrate shall make a report, in writing, to the commissioner (1) of all cases heard before him for violation of this subtitle, or for any other violation in which a motor vehicle was used in any way, and (2) of the conviction of any person of having committed a penal offense or crime in the commission of which a motor vehicle was used, within three days after the disposition of the case before him as a judge or magistrate, upon blanks provided by the commissioner for that purpose * * *."

R. S. 2:160–1 provides:

"Any magistrate or other public officer who shall willfully refuse or neglect to perform, within the time required by law, any duty imposed upon him by law, shall be guilty of a misdemeanor."

In support of the argument that the indictment does not charge a crime, it is contended the aforestated provisions of R. S. 39:5–42 are not mandatory but directory only and therefore there is no obligation to make a report as charged.

Where the word "shall" is used in a statute, the presumption is that its use is imperative and not merely directory unless the character of the legislation or the context justifies a different meaning. *Ervolini* v. *Camden County,* 127 *N. J. L.* 473.

The purpose of making the report to the Commissioner of Motor Vehicles is obvious and important. It gives this official the right of review when there is an unjustified acquittal, with the opportunity of at least partially protecting the interests of the public by a revocation of the license to drive. This was the intent of the legislative enactment and was so expressed in the statement attached to the statute set forth in the prosecutor's brief.

The requirement on the recorder to report as directed by the statute can only be construed from its terminology and purpose to be mandatory.

Neither the failure of the indictment to allege that the Commissioner of Motor Vehicles furnished the defendant with forms as provided for in the statute nor the contention that the recorder might have instructed his clerk to make these reports has merit. They at best are matters of defense and are not to be considered on motion to quash the indictment.

Nor is R. S. 39:5–42 unconstitutional as violative of article 3, paragraph 1, of the New Jersey Constitution. It may be true, as argued, that a statute conferring judicial power upon a clerk may be unconstitutional, but that does not prevent the legislature from imposing upon a magistrate certain ministerial functions as may be necessary for the proper functioning of government.

Lastly it is said the indictment is invalid on its face because the normal term of the grand jury ceased prior to the return of the indictment in question. Our statutes R. S. 2:88–26 and R. S. 2:88–27 provide that indictments handed up by a hold-over grand jury with relation to matters set forth in the petition and order for which purpose the grand jury was held over shall be lawful as though the same were handed up within the time for which such grand jury was originally appointed. This seems to be the situation here. There is nothing in the record to show the grand jury was without authority, and since the alleged defect does not so appear on its face, the indictment is not subject to attack by motion to quash.

The writ of *certiorari* will be dismissed, with costs.